1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, as subrogee of Stephen and Stephanie Phillips, | CASE NO. 2:23-cv-231 |
| Plaintiff, | ORDER GRANTING, IN PART, AND DEFERRING, IN PART ENCOMPASS'S MOTION TO COMPEL |
| v. | |
| NORCOLD INC., a foreign corporation, | |
| Defendant. | |
| ESSENTIA INSURANCE COMPANY, | |
| Intervenor-Plaintiff, | |
| v. | |
| NORCOLD INC., a foreign corporation, | |
| Intervenor-Defendant. | |

8

9

10

11

12

13

14

15

16

17

18

19

## 1. INTRODUCTION

20

21

22

23

This matter comes before the Court on Plaintiff Encompass Insurance Company's motion to compel Defendant Norcold, Inc. to produce information and documents in response to its discovery requests. The Court heard oral argument on

1

2   the motion on December 15, 2023. For the reasons stated during the hearing, and as

3   explained further below, the Court GRANTS, in part, and DEFERS, in part, ruling

4   on the motion.

## 2.  DISCUSSION

5

### 2.1   Interrogatory 11.

6

7   The Court GRANTS, in part, Plaintiff's Motion to Compel a response to

8   Interrogatory 11. The Court adopts Plaintiff's proposal made during oral argument

9   to limit the request to seven years, limiting it to claims "involving a fire or electrical

10  issue with the Norcold Refrigerator model at issue in this litigation."

### 2.2   Requests for Production 4, 7, and 12.

11

12  The requirement to meet and confer in good faith is not simply a "formalistic

13  prerequisite" for judicial resolution. *Selim v. Fivos, Inc.*, C22-1227-JCC, 2023 WL

14  3172467, at *2 (W.D. Wash. May 1, 2023) (citing *Cardoza v. Bloomin' Brands, Inc.*,

15  141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). "A good faith effort to resolve discovery

16  disputes requires an exchange of information until no additional progress is

17  possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL

18  1268709, at *1 (W.D. Wash. Mar. 25, 2014). Indeed, even when a certification is

19  included, "[c]ourts may look beyond the certification to determine whether a

20  sufficient meet-and-confer took place." *Selim*, 2023 WL 3172467, at *2 (citing

21  *Cardoza*, 141 F. Supp. 3d at 1145)). If the Court finds the meet and confer

22  insufficient, it may defer its ruling. *See, e.g.*, *McLain v. Daniel N. Gordon, PC*, No.

23  C09- 5362BHS, 2010 WL 11685123, at *1 (W.D. Wash. June 29, 2010).

ORDER GRANTING, IN PART, AND DEFERRING, IN PART ENCOMPASS'S MOTION TO
COMPEL - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

After reviewing the briefing and hearing argument, the Court finds that the parties have not satisfied their meet and confer requirement for these requests. There is more discussion and give-and-take to be had between the parties that could lead to agreement without court intervention. Even if the parties can't reach a compromise, satisfying the meet and confer requirement will narrow and crystallize what is in dispute and ultimately presented to the Court for resolution.

Accordingly, the Court orders the parties to meet and confer consistent with their obligations under the Civil and Local rules.

### 3.   CONCLUSION

The Court GRANTS in part Plaintiff's Motion to Compel a response to Interrogatory 11. Defendant is ORDERED to respond to the modified Interrogatory: "Identify all claims for property damage or personal injury involving a fire or electrical issue with the Norcold Refrigerator model at issue in this litigation made against you during the last seven years."

The Court DEFERS ruling on Plaintiff's Motion to Compel responses to Requests for Production 4, 7, and 12. The Parties must meet and confer regarding these Requests for Production. If issues remain, the Court will set a remote hearing to resolve any lingering disputes. The parties, however, must submit a status report beforehand in the form prescribed by the District's Expedited Joint Motion Procedure. *See* LCR 37(a)(2).

Dated this 18th day of December, 2023.

_____

ORDER GRANTING, IN PART, AND DEFERRING, IN PART ENCOMPASS'S MOTION TO COMPEL - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Jamal N. Whitehead
United States District Judge

ORDER GRANTING, IN PART, AND DEFERRING, IN PART ENCOMPASS'S MOTION TO COMPEL - 4