The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, as subrogee of Stephen and Stephanie Phillips,<br><br>Plaintiff,<br><br>vs.<br><br>NORCOLD, INC., a foreign corporation,<br><br>Defendant. | No. 2:23-cv-00231-JCC<br><br>DEFENDANT NORCOLD LLC F/K/A NORCOLD, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF MATERIAL EVIDENCE<br><br>Note Date: November 22, 2024 |

Defendant Norcold LLC f/k/a Norcold, Inc. ("Norcold") hereby files this motion requesting that the Court impose sanctions against Plaintiff Encompass Insurance Company, as subrogee of Stephen and Stephanie Phillips, ("Plaintiff") for spoliation of material evidence.

## I.
### SUMMARY OF MOTION

This product liability action arises from a fire that occurred on January 29, 2021 (the "Fire"), that destroyed Plaintiff's insureds' 2006 Monaco Diplomat recreational vehicle (the "RV") and a garage hangar building (the "Building") in which the RV was stored on the insureds' property. Plaintiff's corporate representative testified that Plaintiff retained legal counsel within one day of the Fire to pursue any claim that may arise from the Fire. As such,



within one day of the Fire, Plaintiff anticipated future litigation related to the Fire and, therefore, Plaintiff had a duty to preserve all evidence that may be relevant to future litigation, including this present lawsuit.

The same day as the fire, Plaintiff's counsel hired a fire investigator expert who proceeded to inspect the Fire scene, the RV, and the Building and its contents on several different dates, including in January 2021, February 2021, and on at least one more occasion after February 2021. It is undisputed that Plaintiff failed to preserve the Fire scene, the RV, and the Building and its contents in their post-fire condition to allow Norcold an opportunity to inspect this evidence. It is further undisputed Plaintiff cleared the Fire scene, including demolition of the Building and removal of all contents therein and debris from the Fire scene including the RV, after Plaintiff inspected the Fire scene several times but before Plaintiff ever provided any notice whatsoever to Norcold of the Fire or any inspection of the evidence. Indeed, Plaintiff has stipulated that the first date Plaintiff and its representatives provided notice to Norcold of the Fire loss was June 23, 2021—nearly five (5) months after Plaintiff first inspected the Fire scene and nearly three (3) months after Plaintiff approved the demolition of the Building and removal of all debris from the Fire scene, including the RV. Conveniently, however, Plaintiff and its investigators cherry-picked the Norcold refrigerator from the RV before destroying the RV remains.

All of the evidence Plaintiff destroyed is relevant and material to both Plaintiff's claims and Norcold's defenses in this suit. In particular, a fire origin and cause investigator is required to investigate and consider the following before making a conclusion regarding the origin of a fire: (1) all witness statements and information; (2) fire patterns; and (3) fire dynamics. Once the origin of the fire is correctly determined, the fire investigator must identify the facts that

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

were necessary for the fire to have occurred—specifically, the presence of a competent ignition source, the type and form of the first fuel ignited, the oxidizing agent, and the circumstances that allowed those facts to come together to start the fire. Plaintiff's failure to preserve the evidence and blatant destruction of the evidence months before it gave Norcold any notice of the Fire prevented Norcold and its experts from investigating the Fire scene, including observing and documenting all aspects of the Fire scene in its immediate post-fire condition, considering the fire patterns, arc mapping the RV's and the Building's respective electrical systems, and considering fire dynamics to determine the origin of the Fire. It also prevented Norcold's experts from identifying all competent ignition sources within the area of origin and the first fuel ignited in order to determine the cause of the Fire.

Accordingly, Plaintiff's willful spoliation of material evidence has precluded Norcold from being able to conduct and complete a full investigation into the origin and cause of the Fire and, as such, caused irreparable harm and prejudice to Norcold. Such spoliation of evidence is egregious and cannot be excused and should be sanctioned. Given the egregious nature of Plaintiff's actions, dismissal of this lawsuit is the proper sanction under governing case law. In the alternative, if the Court determines dismissal is not the proper remedy, then the jury should be instructed that (i) Plaintiff failed to preserve the Fire scene, the RV, and the Building and its contents and instead cleared all evidence from the Fire scene, despite Plaintiff knowing it had a duty to preserve this evidence and an understanding of the importance of preserving the evidence, (ii) Plaintiff did not give Norcold notice of any Fire scene inspections conducted by Plaintiff, (iii) Plaintiff did not give Norcold notice of the Fire loss until nearly five months following the Fire, after Plaintiff had already inspected the Fire scene on multiple occasions and all evidence had already been cleared from the Fire scene, and (iv) had Norcold been given

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 3

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

the opportunity to inspect the Fire scene, the RV, and the Building and its contents with its experts, the resulting evidence would have been unfavorable to Plaintiff and favorable to Norcold. Finally, Plaintiff should be precluded from introducing any evidence from Plaintiff's inspections of the Fire scene that is unfavorable to Norcold, including but not limited to evidence and testimony from Plaintiff's experts.

## II.
## EXHIBITS TO MOTION

Norcold relies on the following evidence in support of its Motion, all of which is attached hereto and incorporated herein for all purposes:

**Exhibit A:**    Excerpts from the Transcript of Rule 30(b)(6) Deposition of Plaintiff

**Exhibit B:**    Plaintiff's Responses to Norcold's First Requests for Admission

**Exhibit C:**    Estimate for Demolition of Building and Removal of Debris

**Exhibit D:**    Excerpts from the Transcript of Plaintiff Expert Scott Roberts's Deposition

**Exhibit E:**    Declaration of Chris Bloom

**Exhibit F:**    Declaration of Todd M. Foss

## III.
## FACTUAL BACKGROUND

1.    Norcold designs and sells Norcold gas absorption refrigerators to Original Equipment Manufacturers (OEMs) and distributors. (*See* Dkt. No. 7, at ¶ 4).

2.    On January 29, 2021, the Fire occurred at 12312 127th Avenue Northeast, Lake Stevens, Washington 98258, which destroyed Plaintiff's insureds' RV and the Building in which the RV was stored. (*See* Dkt. No. 1-2, at ¶¶ 5, 8).

3.    Plaintiff alleges that a Norcold refrigerator in the RV was defective and caused

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

the Fire. (*See* Dkt. No. 1-2, at ¶ 9). Norcold denies that the Norcold refrigerator in the RV was defective and further denies that the refrigerator caused the Fire. (*See* Dkt. No. 7, at ¶ 9).

4.      Plaintiff retained legal counsel in connection with the Fire and any claim that may arise from the Fire within one day of the Fire. (*See* **Exhibit A**, Transcript of Rule 30(b)(6) Deposition of Plaintiff taken 10/05/2023 ("Plaintiff's Depo."), at 47:22 – 48:14).

5.      Following Plaintiff's retention of legal counsel, Plaintiff and its investigators inspected the Fire scene on January 30, 2021—*i.e.*, one day after the Fire. (**Exhibit D**, Transcript of Plaintiff Expert Scott Roberts's Deposition ("Roberts's Depo."), at 24:8–17; **Exhibit B**, Plaintiff's Responses to Norcold's First Requests for Admission ("R-RFAs"), at No. 115).

6.      Plaintiff did not provide notice to Norcold of its January 2021 Fire scene inspection. (**Exhibit B**, R-RFAs, at No. 116). As a result, Norcold did not have an opportunity to inspect the Fire scene in January 2021, *i.e.*, in the days immediately following the Fire. (*See* **Exhibit B**, R-RFAs, at No. 116).

7.      Plaintiff and its investigators inspected the Fire scene again on February 2, 2021. (**Exhibit D**, Roberts's Depo., at 24:18–21; **Exhibit B**, R-RFAs, at No. 118). Plaintiff did not provide notice to Norcold of any inspections of the Fire scene in February 2021 and, therefore, Norcold was not present at any Fire scene inspection in February 2021. (*See* **Exhibit B**, R-RFAs, at Nos. 119–120).

8.      Plaintiff and its investigators inspected the Fire scene on at least one more occasion after February 2021. (**Exhibit B**, R-RFAs, at No. 121).

9.      Plaintiff did not provide notice to Norcold of any Fire scene inspection that Plaintiff and its investigators conducted, including any Fire scene inspection that occurred after

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 5

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

February 2021. (**Exhibit B**, R-RFAs, at Nos. 114, 122). As a result, Norcold was not present at any Fire scene inspection conducted by Plaintiff and/or its investigators after February 2021. (**Exhibit B**, R-RFAs, at No. 123).

10.     Plaintiff communicated with its insured, Stephen Phillips, regarding demolition of the insureds' Building and removal of all the debris and contents in the Building after the Fire. (**Exhibit A**, Plaintiff's Depo., at 59:22 – 60:2). Mr. Phillips submitted an estimate, dated March 9, 2021, to Plaintiff for the costs associated with demolishing the Building and removal of all debris and contents from the Building after the Fire. (**Exhibit A**, Plaintiff's Depo., at 60:10 – 61:20; **Exhibit C**, Estimate).

11.     On March 12, 2021, Plaintiff approved the estimate for the Building to be demolished and all contents and debris therein to be removed. (**Exhibit A**, Plaintiff's Depo., at 61:18–20, 62:5–12; **Exhibit C**).

12.     Plaintiff cleared the Fire scene, including demolition of the Building and removal of all debris from the Fire scene, including the RV, after Plaintiff had inspected the Fire scene on multiple occasions but no later than April 6, 2021. (**Exhibit A**, Plaintiff's Depo., at 64:2–6; **Exhibit B**, R-RFAs, at No. 125).

13.     Plaintiff has admitted that (i) Plaintiff failed to preserve the Fire scene in its immediate post-loss condition for Norcold to inspect; (ii) Plaintiff authorized the clearing of the Fire scene without providing Norcold with an opportunity to inspect the Fire scene, and the Fire scene was cleared before Plaintiff gave Norcold any notice of the Fire loss or opportunity to inspect the Fire scene; (iii) Plaintiff failed to preserve the Building in its immediate post-loss condition for Norcold to inspect; (iv) the Building was demolished after Plaintiff inspected the Fire scene but before Plaintiff notified Norcold of the Fire loss; (v) Plaintiff failed to preserve

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

the RV remains at the Fire scene in their immediate post-loss condition for Norcold to inspect; (vi) Plaintiff authorized the removal of the RV remains from the Fire scene without providing Norcold with an opportunity to inspect the RV remains at the Fire scene (or at any other location); (vii) Plaintiff failed to preserve the subject Norcold refrigerator at the Fire scene in its immediate post-loss condition for Norcold to inspect; (viii) Plaintiff authorized removal of the subject Norcold refrigerator from the Fire scene after Plaintiff had inspected it but before Norcold was notified of the Fire loss; and (ix) Plaintiff removed the subject Norcold refrigerator from the Fire scene before Norcold was provided any notice of the Fire or given any opportunity to inspect the refrigerator at the Fire scene. (**Exhibit B**, R-RFAs, at Nos. 127–150).

14.    Plaintiff stipulated on the record under oath during its deposition that the first date Plaintiff and its representatives provided notice to Norcold of the Fire loss was June 23, 2021—nearly five (5) months after Plaintiff first inspected the Fire scene and nearly three (3) months after Plaintiff approved the demolition of the Building and removal of all debris from the Fire scene. (**Exhibit A**, Plaintiff's Depo., at 59:16–21).

15.    On June 29, 2021—*i.e.*, less than one week after first giving Norcold notice of the Fire loss—a one-day laboratory examination was conducted of evidence previously collected by Plaintiff's expert from the Fire scene and from the RV before Norcold was put on notice of the Fire. (**Exhibit F**, Declaration of Todd Foss ("Foss Declaration"), at ¶ 4).

16.    On July 28, 2021, a one-day laboratory materials examination of the previously collected evidence was conducted. (**Exhibit F**, Foss Declaration, at ¶ 5).

17.    On January 24, 2023, Plaintiff filed its Complaint in the Snohomish County Superior Court. (Dkt. No. 1, at ¶ 1; Dkt. No. 1-2). On February 21, 2023, Norcold filed its Notice of Removal with this Court. (Dkt. No. 1).



WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**IV.**

**ARGUMENT AND AUTHORITIES**

**A.    Legal Standard for Spoliation of Evidence**

District courts possess the inherent power and authority to sanction a party who has despoiled or destroyed evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "Spoliation of evidence is the 'failure to preserve property for another's use as evidence, in pending or future litigation.'" *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) (quoting *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009)). "A party's 'duty to preserve evidence is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation.'" *Id.* (quoting *E.E.O.C. v. Fry's Elecs., Inc.*, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012)); *see also Gronquist v. Nicholas*, No. C10-5374 RBL/KLS, 2011 WL 4001103, at *9 (W.D. Wash. Aug. 12, 2011), report and recommendation adopted, 2011 WL 4007327 (W.D. Wash. Sept. 8, 2011) ("The duty to preserve evidence arises when a party has notice of a potential claim."). Once triggered, the duty to preserve evidence "extends to any documents or tangible items that the party knows or should know are relevant to the litigation." *Knickerbocker*, 298 F.R.D. at 678.

Courts consider multiple factors in determining whether to sanction a party for spoliation of evidence. Although no strict guide exists, courts generally consider the following when determining whether to issue an adverse jury instruction: (1) whether "the party having control over the evidence had an obligation to preserve it at the time it was destroyed"; (2) whether the evidence was destroyed with a "culpable state of mind"; and (3) whether "the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *See Apple Inc. v. Samsung Elecs. Co.*, 881 F.

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 8

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Supp. 2d 1132, 1138 (N.D. Cal. 2012). Attorney's fees and costs are available when a party acts in bad faith. *Knickerbocker*, 298 F.R.D. at 682.

**B.    Plaintiff Had a Duty to Preserve the Evidence**

By Plaintiff's own admissions and concessions, it knew that litigation was foreseeable immediately after receiving notice of the Fire from its insureds. Indeed, Plaintiff testified that it retained legal counsel in connection with any claims arising from the Fire **within one day of the Fire**. (*See* **Exhibit A**, Plaintiff's Depo., at 47:22 – 48:14). Plaintiff's counsel then hired a fire investigator, and Plaintiff and its investigator inspected the Fire scene on January 30, 2021—*i.e.*, one day after the Fire. (**Exhibit D**, Roberts's Depo., at 24:8–17; **Exhibit B**, R-RFAs, at No. 115). Plaintiff and its investigator proceeded to inspect the Fire scene, including the Building and the RV, again in February 2021, and on at least one more occasion after February 2021. (*See* **Exhibit B**, R-RFAs, at Nos. 118, 121; **Exhibit D**, Roberts's Depo., at 24:18–21). Plaintiff has also acknowledged and admitted that it is important for fire investigators to be able to go into a fire scene and inspect the loss area in its immediate post-loss condition. (*See* **Exhibit A**, Plaintiff's Depo., at 49:12–16).

It is undisputed that Plaintiff was on notice of its potential subrogation claim arising from the Fire shortly after the Fire, and Plaintiff had knowledge of the importance to preserve evidence in its immediate post-loss condition for all interested parties to investigate the origin and cause of the loss. Despite Plaintiff's admissions and own understanding of the importance to preserve the evidence, Plaintiff blatantly cleared the Fire scene, including demolition of the Building and removal of all debris from the Fire scene (including the RV), after Plaintiff conducted multiple inspections of the Fire scene and cherry-picked the Norcold refrigerator from the RV and before Plaintiff ever provided Norcold with any notice of the Fire loss.

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 9

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1    (**Exhibit B**, R-RFAs, at Nos. 127–150).

2         In sum, Plaintiff had a duty to preserve the material evidence—*i.e.*, the Fire scene, the

3    RV, and the Building and its contents—and instead consciously chose to destroy it.

4    **C.    Relevance of the Spoliated Evidence**

5         The relevance of the lost evidence and Norcold's inability to conduct an investigation

6    of the Fire scene due to Plaintiff's failure to put it on notice of the Fire cannot be denied or

7    overstated. The National Fire Protection Association (NFPA) publishes NFPA 921 – Guide for

8    Fire and Explosion Investigations, which is universally-recognized as the standard utilized

9    when conducting any fire origin and cause investigation. (**Exhibit E**, Declaration of Chris

10   Bloom ("Bloom Declaration"), at ¶ 4). NFPA 921 provides that every fire incident is unique

11   and different from any other and, thus, a fire investigation should be conducted according to

12   the scientific method. (**Exhibit E**, Bloom Declaration, at ¶ 4). NFPA 921 requires that a fire

13   investigator first establish the origin of the fire. (**Exhibit E**, Bloom Declaration, at ¶ 5). If the

14   investigator is able to establish the origin of the fire, it is then appropriate to determine the cause

15   of the fire. (**Exhibit E**, Bloom Declaration, at ¶ 5). It is generally accepted in the industry that

16   if the origin of the fire cannot be determined, the cause cannot be determined. (**Exhibit E**,

17   Bloom Declaration, at ¶ 5).

18        NFPA 921 recommends a methodology to follow in determining the origin of a fire. In

19   particular, the "area of origin" is defined as the general geographic location within a fire scene

20   in which the "point of origin" of a fire is reasonably believed to be located. (**Exhibit E**, Bloom

21   Declaration, at ¶ 6). The "point of origin" is defined as the exact physical location within the

22   area of origin that the investigator can define a heat source and a fuel interact with each other

23   resulting in a fire or explosion. (**Exhibit E**, Bloom Declaration, at ¶ 6). Notably, NFPA 921

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 10

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

requires that an investigator investigate and consider the following data and information before making a conclusion regarding the origin of a fire: (1) all witness statements and information; (2) fire patterns; and (3) fire dynamics. (**Exhibit E**, Bloom Declaration, at ¶ 6). Fire dynamics is defined as the analysis of the physics and chemistry of fire initiation and growth and the interaction between the fire and the building's systems. (**Exhibit E**, Bloom Declaration, at ¶ 6).

NFPA 921 also recommends a methodology to follow in determining the cause of a fire. Generally, a fire-cause determination can be considered reliable only if the origin has been correctly determined. (**Exhibit E**, Bloom Declaration, at ¶ 7). NFPA 921 requires that an investigator identify the facts that were necessary for the fire to have occurred—specifically, the presence of a competent ignition source, the type and form of the first fuel ignited, the oxidizing agent, and the circumstances that allowed those facts to come together to start the fire. (**Exhibit E**, Bloom Declaration, at ¶ 7). NFPA 921 requires that the fire investigator employ deductive reasoning in reaching a conclusion pertaining to causation. (**Exhibit E**, Bloom Declaration, at ¶ 7). The deductive reasoning includes the identification of each cause hypothesis and comparison of the hypothesis to all known facts, as well as the body of scientific knowledge associated with the phenomenon relevant to the specific incident. (**Exhibit E**, Bloom Declaration, at ¶ 7). The cause determination is then ultimately arrived at through the testing of the cause hypotheses. (**Exhibit E**, Bloom Declaration, at ¶ 7).

The procedures, practices, and techniques set forth in NFPA 921, including the scientific method, require the evidence involved in a fire to have been preserved for examination in order to perform a proper and complete investigation of the origin and cause of the fire. (**Exhibit E**, Bloom Declaration, at ¶ 8). Since Plaintiff's claims are based on Plaintiff's allegation that the Norcold refrigerator in the RV caused the Fire, all of the evidence necessary to fully investigate

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 11

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

the cause of the Fire—including the Building in which the RV was parked at the time of the Fire and its contents, as well as the RV and its contents—is clearly relevant and material to both Plaintiff's claims and Norcold's defenses in this lawsuit. Moreover, because the full relevance of the destroyed evidence cannot be clearly ascertained because the spoliated evidence no longer exists, Plaintiff can hardly assert any presumption of irrelevance as to the destroyed evidence. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("[B]ecause the relevance of destroyed documents cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance as to the destroyed documents." (internal quotation marks and citation omitted)).

By failing to preserve the entire Fire scene in its immediate post-fire condition so that Norcold was able to inspect it, and by instead approving the Fire scene to be cleared, the Building demolished, and the removal and disposal of the RV and other contents, Plaintiff precluded Norcold's fire investigator from visually observing in person the Fire scene and analyzing the burn patterns present at the Fire scene, including on the Building and the RV, as well as the fire dynamics, thereby precluding Norcold's investigator from conducting a NFPA 921 investigation into the origin and cause of the Fire. (**Exhibit E**, Bloom Declaration, at ¶ 14). In sum, Plaintiff unilaterally prevented Norcold from assessing evidence material to Norcold's defenses.

**D.    Plaintiff's Spoliation was Willful and Deliberate**

Plaintiff's spoliation of evidence was willful and deliberate. In the Ninth Circuit, a finding of "bad faith" is not necessary to establish a culpable state of mind; rather, all the Court must find is that Plaintiff acted with a "conscious disregard" of its obligations. *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1147 (N.D. Cal. 2012). "A party's destruction of

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

evidence qualifies as willful spoliation if the party has some notice that the [evidence is] *potentially* relevant to the litigation before [it is] destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). As set forth above, Plaintiff admitted under oath that Plaintiff understands it is important for fire investigators to be able to go into a fire scene and inspect the loss area in its immediate post-loss condition. (*See* **Exhibit A**, Plaintiff's Depo., at 49:12–16). Despite understanding the importance to preserve evidence, and Plaintiff and its investigator conducting several inspections of the Fire scene between January 2021 to April 6, 2021, Plaintiff consciously disregarded its known obligation to preserve the evidence and cleared the Fire scene, including demolition of the Building and removal of all debris from the Fire scene (including the RV), months before Plaintiff ever provided any notice of the Fire to Norcold. (**Exhibit A**, Plaintiff's Depo., at 49:12–16, 64:2–6; **Exhibit B**, R-RFAs, at Nos. 125, 127–150). Accordingly, the evidence demonstrates that Plaintiff's spoliation of the evidence was willful and deliberate.

**E.     Appropriate Sanctions for Plaintiff's Spoliation of Evidence**

The Ninth Circuit "has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). Appropriate sanctions may include an adverse inference jury instruction, exclusion of evidence proffered by the spoiling party, and dismissal. *See, e.g., Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958–60 (9th Cir. 2006).

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

1

2

      **1.**    *Plaintiff's Willful Spoliation of Material Evidence and the Resulting Prejudice to Norcold Warrants Dismissal of Plaintiff's Claims*

3

4

    Dismissal of Plaintiff's claims against Norcold is an appropriate sanction in this case. "Dismissal is an available sanction when 'a party has engaged deliberately in deceptive practices that undermine the integrity of the judicial proceedings' because 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" *Leon*, 464 F.3d at 958 (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). The district court should consider the following factors when determining whether dismissal is an appropriate sanction: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Anheuser-Busch*, 69 F.3d at 348). "[A] finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper." *Id.* (quoting *Anheuser-Busch*, 69 F.3d at 348).

5

6

7

8

9

10

11

12

13

14

15

16

    When a party has some notice that the evidence was potentially relevant to the litigation before the evidence was destroyed, then the party's destruction of such evidence constitutes willful spoliation. *Leon*, 464 F.3d at 959 (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). In addition, "because the relevance of destroyed [evidence] cannot be clearly ascertained because the [evidence] no longer exist[s], a party can hardly assert any presumption of irrelevance as to the destroyed [evidence]." *Id.* (internal quotation marks and citation omitted). As set forth above, the evidence demonstrates that Plaintiff's spoliation of the evidence was willful and deliberate. (*Supra* pp. 12–13).

17

18

19

20

21

22

23

24

25

26

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

In addition, four of the five factors for dismissal—namely factors (1)-(3) and (5)—support the dismissal of Plaintiff's claims. First the public interest in expeditious resolution of litigation and the Court's need to manage its docket both plainly weigh in favor of dismissal as it would provide an immediate resolution of Plaintiff's claims. *See id.* at 960. Moreover, the evidence also demonstrates that Norcold has been prejudiced by Plaintiff's willful spoliation of the evidence. "[T]he prejudice inquiry 'looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case.'" *Leon*, 464 F.3d at 959 (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988)). The Ninth Circuit has found prejudice when a party's refusal to provide certain evidence forced the non-spoiling party "to rely on incomplete and spotty evidence at trial." *See Anheuser-Busch*, 69 F.3d at 354; *see also Leon*, 464 F.3d at 960 (holding district court's finding of prejudice was not clearly erroneous where the spoliated evidence "would likely be at the heart of [the non-spoiling party's] defense" if the evidence was available).

As detailed above, by failing to preserve the entire Fire scene in its immediate post-fire condition so that Norcold was able to inspect it, and by instead approving the Fire scene to be cleared, the Building and its contents demolished, and the removal and disposal of the RV and other contents, Plaintiff unilaterally prevented Norcold from assessing evidence material to Norcold's defenses in this suit. (*Supra* pp. 10–12). Indeed, Plaintiff's destruction of the evidence precluded Norcold's fire investigator from visually observing in person the Fire scene and analyzing the burn patterns present at the Fire scene, including on the Building and the RV, as well as the fire dynamics, thereby precluding Norcold's investigator from conducting a NFPA 921 investigation into the origin and cause of the Fire. (**Exhibit E**, Bloom Declaration,

at ¶ 14). Moreover, Plaintiff's destruction of the evidence before Norcold was ever given an opportunity to inspect it also prevented Norcold from developing potential evidence to refute Plaintiff's claims and/or support Norcold's defenses. (*See* **Exhibit E**, Bloom Declaration, at ¶¶ 14–19).

With respect to the availability of lesser sanctions, the Ninth Circuit has explained that "less drastic sanctions are not useful" where "a ruling excluding evidence would be 'futile,' and fashioning a jury instruction that creates a presumption in favor of [the non-spoiling party] would leave [the non-spoiling party] equally helpless to rebut any material that Plaintiff might use to overcome the presumption." *Leon*, 464 F.3d at 960. In addition, because Plaintiff's destruction of the material evidence occurred nearly two (2) years prior to filing suit, including months before Plaintiff provided any notice to Norcold of the Fire, the Court does not have the opportunity to issue lesser sanctions—for instance, warning Plaintiff of the possibility of dismissal—before ordering dismissal. *See id.*

Finally, the only factor that weighs against dismissal is "the public policy favoring disposition of cases on their merits." However, the Ninth Circuit has made it clear that, "standing alone, [that particular factor] **is not sufficient to outweigh the other four factors**." *Leon*, 464 F.3d at 960–61 (affirming dismissal as a sanction for spoliation of material evidence).

Accordingly, Norcold's Motion should be granted and the Court should dismiss Plaintiff's claims as a sanction for Plaintiff's willful spoliation of material evidence.

### 2.    *Plaintiff Should Not Be Permitted to Introduce Evidence From Its Inspections of the Fire Scene That Is Unfavorable to Norcold*

Plaintiff alleges in its Complaint the Norcold refrigerator in the RV caused the Fire. On March 4, 2024, Plaintiff served its Expert Disclosures that included a report from Plaintiff's

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

retained experts from Jensen Hughes ("JH"). Plaintiff designated Scott Roberts and Jeff Marsh of JH as retained experts. The report identifies Mr. Roberts as JH's lead fire investigator and Mr. Marsh as JH's electrical engineer. Mr. Roberts testified that he conducted an initial inspection of the Fire scene on January 30, 2021, and that Mr. Roberts and Mr. Marsh conducted a follow-up examination of the Fire scene on February 2, 2021. (**Exhibit D**, Roberts's Depo., at 24:8–21). Mr. Roberts further testified that Deputy Fire Marshal Daniel Lorentzen of the Snohomish County Fire Marshal's Office was present during the inspection of the Fire scene on February 2, 2021. (**Exhibit D**, Roberts's Depo., at 29:17–23). Plaintiff's retained experts opine in their report that the Fire originated at and was caused by the Norcold refrigerator.

It is undisputed Plaintiff and its experts had a full and fair opportunity to inspect the Fire scene in its immediate post-loss condition and that they did so. In direct contrast, Norcold was never given that opportunity. Plaintiff did not give Norcold any notice of any inspection of the Fire scene conducted by Plaintiff and its experts. (**Exhibit B**, R-RFAs, at Nos. 113–114). Plaintiff did not provide Norcold any opportunity to inspect the Fire scene before the Fire scene was cleared and material evidence destroyed. (**Exhibit B**, R-RFAs, at Nos. 127–150). Indeed, Plaintiff did not give Norcold any notice of this Fire loss until June 23, 2021, nearly five (5) months after the Fire loss, after Plaintiffs' experts had already completed their examinations of the fire scene and the scene was cleared and destroyed. (**Exhibit A**, Plaintiff's Depo., at 59:16–21). Consequently, Norcold's fire investigator was precluded from visually observing in person the Fire scene and analyzing the burn patterns present at the Fire scene, including on the Building and the RV, as well as the fire dynamics. (**Exhibit E**, Bloom Declaration, at ¶ 14). As a result, Norcold's fire investigator was precluded from conducting a NFPA 921 investigation into the origin and cause of the Fire. (**Exhibit E**, Bloom Declaration, at ¶ 14). Moreover,

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Plaintiff's willful spoliation of the evidence prevented Norcold from developing potential evidence to refute Plaintiff's claims and/or support Norcold's defenses. (*See* **Exhibit E**, Bloom Declaration, at ¶¶ 14–19).

Because Norcold was not given the opportunity to inspect the Fire scene in its immediate post-fire condition, including the Building, the RV, and numerous other contents within the Building including but not limited to overhead propane heaters, Plaintiff should not be permitted to introduce evidence from its inspections of the Fire Scene that is unfavorable to Norcold. (**Exhibit B**, R-RFAs, at Nos. 127–150; **Exhibit E**, Bloom Declaration, at ¶¶ 17–18).

### 3.    *The Jury Should Be Instructed That Plaintiff Destroyed Material Evidence and a Scene Inspection Would Have Been Favorable to Norcold*

"In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014). "In determining whether an adverse inference instruction is warranted, courts evaluate and consider (1) whether "the party having control over the evidence had an obligation to preserve it at the time it was destroyed"; (2) whether the evidence was destroyed with a "culpable state of mind"; and (3) whether "the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *See Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012). Possible adverse inference instructions range in their degree of harshness, from a relatively severe instruction that the jury regard certain facts as admitted to a mandatory or rebuttable presumption that missing evidence is relevant and favorable to the non-spoiling party. *See id.* at 1150.

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

All three of the adverse instruction prongs are met in this case. First, it is undisputed that Plaintiff anticipated litigation arising from the Fire, as it hired legal counsel within one day of the Fire. (*See* **Exhibit A**, Plaintiff's Depo., at 47:22 – 48:14). Second, it cannot be denied that Plaintiff had an obligation to preserve the evidence at the time it was destroyed, as Plaintiff testified that it understood the importance for fire investigators to be able to go into a fire scene and inspect the loss area in its immediate post-loss condition. (*See* **Exhibit A**, Plaintiff's Depo., at 49:12–16). It is undisputed that Plaintiff failed to preserve the evidence and willfully cleared the Fire scene, including demolition of the Building and removal of all debris from the Fire scene (including the RV) months before Plaintiff ever provided any notice whatsoever to Norcold of the Fire. (**Exhibit A**, Plaintiff's Depo., at 49:12–16, 64:2–6; **Exhibit B**, R-RFAs, at Nos. 125, 127–150). It also cannot be denied that the spoliated evidence is relevant and material to Plaintiff's claims herein as well as Norcold's defenses, as the evidence is necessary to perform a proper and complete investigation of the origin and cause of the Fire. Thus, it is appropriate for the Court to make factual findings and instruct the jury regarding the same.

In addition, Norcold seeks a presumption that the evidence Plaintiff spoliated is relevant and favorable to Norcold. The Court should instruct the jury to presume that, had Norcold's experts been permitted to inspect the Fire scene, including the Building and the RV remains, the evidence would have been favorable to Norcold and unfavorable to Plaintiff. The Court should also instruct the jury that Plaintiff is responsible for the destruction of the material evidence, and to presume that the destroyed evidence corroborates Norcold's defense that the Norcold refrigerator did not cause the Fire.

NORCOLD LLC'S MOTION FOR SANCTIONS
FOR SPOLIATION OF MATERIAL EVIDENCE
- 19

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**V.**
**PRAYER**

WHEREFORE, Norcold LLC f/k/a Norcold, Inc. prays and respectfully requests that this Honorable Court grant Norcold's Motion for Sanctions for Spoliation of Material Evidence and sanction Plaintiff by dismissing Plaintiff's claims against Norcold in this case. Alternatively, Norcold respectfully requests the Court preclude Plaintiff from introducing any evidence from Plaintiff's inspections of the Fire scene that is unfavorable to Norcold. In addition, in the event the Court does not dismiss Plaintiff's claims, Norcold further requests the Court sanction Plaintiff by instructing the jury that (i) Plaintiff failed to preserve the Fire scene, the RV, and the Building and its contents and instead cleared all evidence from the Fire scene, despite Plaintiff knowing it had a duty to preserve this evidence and an understanding of the importance of preserving the evidence, (ii) Plaintiff did not give Norcold notice of any Fire scene inspections that Plaintiff conducted, (iii) Plaintiff did not give Norcold notice of the Fire loss until nearly five months following the Fire, after Plaintiff had already inspected the Fire scene on multiple occasions and all evidence had already been cleared from the Fire scene, and (iv) had Norcold been given the opportunity to inspect the Fire scene, the RV, and the Building and its contents with its experts, the resulting evidence would have been unfavorable to Plaintiff and favorable to Norcold. Finally, Norcold requests the Honorable Court award it any and all such further relief as the Court deems just, equitable, and proper.

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Respectfully submitted,

**WILSON SMITH COCHRAN DICKERSON**

By: */s/ Dylan E. Jackson*

    Dylan E. Jackson, WSBA No. 29220
    Jeff M. Sbaih, WSBA No. 51551
    1000 Second Avenue, Suite 2050
    Seattle, Washington 98104-3629
    Telephone: (206) 623-4100
    Facsimile: (206) 623-9273
    E-mail: jackson@wscd.com
    E-mail: sbaih@wcsd.com

**COKINOS | YOUNG**

By: */s/ Todd M. Foss*

    J. Parker Fauntleroy, Jr. (Pro Hac Vice)
    Todd M. Foss (Pro Hac Vice)
    Mitchell R. Powell (Pro Hac Vice)
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010
    Telephone: (713) 535-5500
    E-mail: pfauntleroy@cokinoslaw.com
    E-mail: tfoss@cokinoslaw.com
    E-mail: mpowell@cokinoslaw.com

*Counsel for Defendant,*
*Norcold LLC f/k/a Norcold, Inc.*

WILSON
SMITH
COCHRAN
DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing has been served by electronic service on:

Brent Hardy
George Shumsky
LAW OFFICES OF SHUMSKY & BACKMAN
219 NW 20th Avenue, Suite 201
Battle Ground, Washington 98604-5083
brent@shumsky-backman.com
george@shumsky-backman.com

Anthony R. Scisciani III
Kelsey L. Shewbert
Natalia Bendis
HWS LAW GROUP LLP
1500 Fourth Avenue, Suite 200
Seattle, Washington 98101
ascisciani@hwslawgroup.com
kshewbert@hwslawgroup.com
nbendis@hwslawgroup.com

By:   /s/ Todd M. Foss
      Todd M. Foss

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273