# Exhibit B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

George M. Shumsky, WSBA No.
Brent J. Hardy, WSBA No.
george@shumsky-backman.com
brent@shumsky-backman.com
LAW OFFICES OF SHUMSKY & BACKMAN
P.O. Box 56028
Portland, OR 97238
Telephone: (360) 891-0442
Facsimile: (360) 891-0110

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| **ENCOMPASS INSURANCE COMPANY,** as subrogee of Stephen and Stephanie Phillips,<br><br>Plaintiff,<br><br>vs.<br><br>**NORCOLD, INC.,** a foreign corporation,<br><br>Defendant. | Case No.:  2:23-CV-00231<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR ADMISSION** |

## **GENERAL OBJECTIONS**

Federal Rule 26(b)(1) and (2)(A) provides that the court may alter the limits of Request for Admission, 170 Requests for Admission is unreasonable. Additionally, the amount of requests contained in this Requests that are duplicative, cumulative, and can be obtained from other sources that are less burdensome and less expensive is unreasonable. Further, to the extent

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 1
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

these requests call for expert opinion, those opinions will be disclosed according to the case schedule.

**REQUEST FOR ADMISSION NO. 1:**    The Insureds purchased the entire RV in one transaction.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 2:**    The Insureds purchased the RV as a completed product.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "completed product".  Further object to the extent, completed product is a term of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 3:**    The Refrigerator was installed in the RV before the Insureds purchased the RV.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 4:**    The Refrigerator was original equipment that came with the RV when the Insureds purchased the RV.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 2
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "original equipment". Further object to the extent, original equipment is a term of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, the refrigerator was came with the RV when the insureds' purchased it. The insureds' do not know whether it was "original equipment." Deny any remaining allegations.

**REQUEST FOR ADMISSION NO. 5:**    The Refrigerator in the RV was a Norcold 1200 Series refrigerator.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 6:**    The Insureds did not purchase the Refrigerator in a transaction separate from the transaction in which the Insureds purchased the RV.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 7:**    The price the Insureds paid to purchase the RV included the cost of the Refrigerator that came with the RV.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections and subject thereto, admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 3
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 8:**    The Refrigerator in the RV was not a free-standing refrigerator.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "free-standing refrigerator". Further object to the extent, free-standing refrigerator is a term of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 9:**    The Refrigerator was a permanently integrated component of the RV.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "permanently integrated component". Further object to the extent, permanently integrated component is a term of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 10:**    The Refrigerator in the RV could operate on propane gas or electricity.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 11:**    The Refrigerator in the RV could not work without being connected to the RV.

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 4
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "could not work". Further object to the extent, could not work is a term of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 12:**    The Refrigerator in the RV was mounted within an enclosure in the RV on the date the Insureds purchased the RV.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the terms "mounted" and "enclosure". Further object to the extent, mounted and enclosure are terms of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 13:**    The Refrigerator in the RV was mounted within an enclosure in the RV on the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the terms "mounted" and "enclosure". Further object to the extent, mounted and enclosure are terms of art or would constitute a legal admission. Without waiving the foregoing objections and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 14:**    The Refrigerator in the RV was secured to the wall and floor of the enclosure in the RV on the date the Insureds purchased the RV.

///

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 5
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "secured to the wall and floor of the enclosure." Without waiving the foregoing objections and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 15:**    The Refrigerator in the RV was secured to the wall and floor of the enclosure in the RV on the date of the Fire.

**RESPONSE:** Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 16:**    The Refrigerator in the RV was connected to the propane gas supply line of the RV on the date the Insureds purchased the RV.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 17:**    The Refrigerator in the RV was connected to the propane gas supply line of the RV on the date of the Fire.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 18:**    The Refrigerator in the RV was connected to the electrical system of the RV on the date the Insureds purchased the RV.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 6
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 19:**    The Refrigerator in the RV was connected to the electrical system of the RV on the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "connected to the electrical system of the RV." Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 20:**    The refrigerator that was installed in the RV prior to the time the RV was purchased by the Insureds was never removed or replaced prior to the Fire.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny whether the refrigerator was removed or replaced prior to its insureds' purchase of the RV. Admit that the insureds did not remove or replace the refrigerator while they owned the RV.  Deny any allegations that are not specifically admitted herein.

**REQUEST FOR ADMISSION NO. 21:**    The refrigerator that was installed in the RV prior to the time the RV was purchased by the Insureds was the same refrigerator that was in the RV on the date of the Fire.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 22:**    The RV was used when the Insureds purchased the RV.

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 7
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**    The Refrigerator in the RV was used when the Insureds purchased the RV.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**    Norcold sells refrigerators to manufacturers of motor homes and recreational vehicles and to distributors.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 25:**    Norcold does not sell refrigerators directly to the general public.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 26:**    Norcold does not sell refrigerators directly to end users of the refrigerators.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 27:**    Norcold did not sell the Refrigerator in the RV directly to the Insureds.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 8
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 28:**     Norcold did not sell the RV to the Insureds.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 29:**     The    Insureds    did    not    purchase    the
Refrigerator from Norcold.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 30:**     The Insureds did not purchase the RV from
Norcold.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 31:**     Norcold was not involved in the sale of the
RV to the Insureds.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 32:**     The    Insureds    have    never    engaged    in    any
purchase transaction with Norcold.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 33:**     The    Insureds    did    not    communicate    with
Norcold in connection with purchasing the RV.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 9
Cause No. 2:23-cv-00231                                SHUMSKY & BACKMAN
                                                       219 NW 20TH AVENUE, SUITE 201
                                                       BATTLE GROUND, WA 98604
                                                       TELEPHONE (360) 891-0442

1

2

**RESPONSE:**

Admit.

3

4

**REQUEST FOR ADMISSION NO. 34:**    The Insureds did not interact with Norcold in connection with purchasing the RV.

5

6

**RESPONSE:**

Admit.

7

8

9

**REQUEST FOR ADMISSION NO. 35:**    Norcold    did    not    make    any    verbal representations to the Insureds in connection with the Insureds' purchase of the RV.

10

11

**RESPONSE:**

Admit.

12

13

**REQUEST FOR ADMISSION NO. 36:**    Norcold    did    not    make    any    written representations to the Insureds in connection with the Insureds' purchase of the RV.

14

15

16

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

17

18

19

**REQUEST FOR ADMISSION NO. 37:**    The Insureds took the RV to a repair/service facility to have the RV looked at within two years immediately preceding the date of the Fire.

20

**RESPONSE:**

21

22

23

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

24

25

26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 10
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 38:**    The Insureds took the RV to a repair/service facility to have the Refrigerator looked at within two years immediately preceding the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 39:**    The Insureds took the RV to a repair/service facility to have the RV looked at within one year immediately preceding the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 40:**    The Insureds took the RV to a repair/service facility to have the Refrigerator looked at within one year immediately preceding the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 41:**    The Insureds took the RV to a repair/service facility to have the RV looked at within six months immediately preceding the date of the Fire.

///

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 11
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 42:**     The Insureds took the RV to a repair/service facility to have the Refrigerator looked at within six months immediately preceding the date of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "looked at." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 43:**     There was a storm in the area of the Insureds' property the day before the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "storm." Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 44:**     The storm in the area of the Insureds' property the day before the Fire occurred caused electrical power to the Insureds' property to flicker.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that the power went

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 12
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

out briefly at the insureds' property. Deny any remaining allegations that are not specifically admitted herein.

**REQUEST FOR ADMISSION NO. 45:**   Stephen Phillips checked the Refrigerator the day before the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the term "checked." Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 46:**   When Stephen Phillips checked the Refrigerator the day before the Fire, the Refrigerator control panel was flashing to indicate an error.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent the Request is vague as to the terms "checked" and "error." Without waiving the foregoing objections, and subject thereto, Mr. Phillips "checked" the refrigerator control panel and noted that it was flashing. Denied as to whether that was indicating an "error."

**REQUEST FOR ADMISSION NO. 47:**   After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not set the Refrigerator controls to off.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 13
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 48:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not unplug the Refrigerator.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 49:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not disconnect the Refrigerator from all power sources.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 50:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not call Norcold to ask how to remedy the issue.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that Mr. Phillips did not call Norcold.  Deny as to the remaining allegations.

**REQUEST FOR ADMISSION NO. 51:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not call any RV dealership or service center to ask how to remedy the issue.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 14
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
3
4

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that Mr. Phillips did not call "any RV dealership of service center to ask how to remedy the issue."  Deny as to the remaining allegations.

5
6
7
8

**REQUEST FOR ADMISSION NO. 52:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not look at any Norcold manual to determine what the problem was.

9

**RESPONSE:**

10
11
12

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that Mr. Phillips did not look at any Norcold manual.  Deny as to the remaining allegations.

13
14
15

**REQUEST FOR ADMISSION NO. 53:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds did not look at any Norcold manual to determine whether they should turn off or unplug the Refrigerator.

16

**RESPONSE:**

17
18
19
20

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that Mr. Phillips did not look at any Norcold manual. Deny as to the remaining allegations.

21
22
23

**REQUEST FOR ADMISSION NO. 54:**    After Stephen Phillips saw the Refrigerator was flashing to indicate an error the day before the Fire, the Insureds continued to let the Refrigerator run while turned on.

24

**RESPONSE:**

25
26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 15
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 55:** There were other objects located in the Building besides the RV that were plugged in and energized at the time of the Fire.

**RESPONSE:**

Admit

**REQUEST FOR ADMISSION NO. 56:** There was at least one motorcycle located in the Building at the time of the Fire that was connected to a source of power and energized at the time of the Fire.

**RESPONSE:**

Admit there was one motorcycle located in the Building at the time of the Fire that was connected to a source of power. Deny as to the remaining allegations.

**REQUEST FOR ADMISSION NO. 57:** There was at least one motorcycle located in the Building at the time of the Fire that was connected to a battery tender and energized at the time of the Fire.

**RESPONSE:**

Admit there was one motorcycle located in the Building at the time of the Fire that was connected to a source of power. Deny as to the remaining allegations.

**REQUEST FOR ADMISSION NO. 58:** There was at least one motor vehicle located in the Building at the time of the Fire that was connected to a source of power and energized at the time of the Fire.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 16
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 59:**    There was at least one motor vehicle located in the Building at the time of the Fire that was connected to a battery tender and energized at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 60:**    There was at least one golf cart located in the Building at the time of the Fire that was connected to a source of power and energized at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 61:**    There was at least one golf cart located in the Building at the time of the Fire that was connected to a battery tender and energized at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny.

**REQUEST FOR ADMISSION NO. 62:**    There were multiple objects located inside the RV that were connected to a source of electrical power and energized at the time of the Fire.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 17
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that there was a heater and dehumidifier energized in the RV at the time of the fire. Deny as to any remaining allegations.

**REQUEST FOR ADMISSION NO. 63:** A portable electric dehumidifier was located in the RV at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 64:** A portable electric dehumidifier located in the RV at the time of the Fire was in use at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent "in use" is vague and ambiguous. Without waiving the foregoing objections, and subject thereto, a portable dehumidifier was energized at the time of the fire. Mr. Phillips does not know if it was "in use" or running at the time of the fire. Deny as to any remaining allegations.

**REQUEST FOR ADMISSION NO. 65:** A portable electric dehumidifier located in the RV at the time of the Fire was connected to a source of electrical power and energized at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 18
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 66**:    A portable electric dehumidifier located in the RV at the time of the Fire was plugged directly into an electrical outlet in the RV at the time of the Fire.

**RESPONSE**:

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 67**:    A portable electric dehumidifier located in the RV at the time of the Fire was plugged directly into an electrical outlet in the bathroom of the RV at the time of the Fire.

**RESPONSE**:

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 68**:    The remains of the portable electric dehumidifier were located in the area of the bathroom floor of the RV following the Fire.

**RESPONSE**:

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 69**:    The walls of the bathroom of the RV were completely consumed in the Fire.

**RESPONSE**:

Admit that the RV was completely consumed by the fire.

**REQUEST FOR ADMISSION NO. 70**:    A tag was placed on the portable electric dehumidifier in the RV by responding fire department personnel following the Fire.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 19
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 71:**    The fire investigators for the Snohomish County Fire Marshal's Office determined that the portable electric dehumidifier inside the RV could not be ruled out as a cause of the Fire.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time. Plaintiff does not yet have a copy of the fire investigator's report.  However, the report speaks for itself.

**REQUEST FOR ADMISSION NO. 72:**    A portable electric radiant heater was located in the RV at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 73:**    A portable electric radiant heater located in the RV at the time of the Fire was in use at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Objection to the extent "in use" is vague and ambiguous. Without waiving the foregoing objections, and subject thereto, a heater was energized at the time of the fire. Mr. Phillips does not know if it was "in use" or running at the time of the fire. Deny as to any remaining allegations.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 20
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
3

**REQUEST FOR ADMISSION NO. 74:**    A portable electric radiant heater located in the RV at the time of the Fire was connected to a source of electrical power and energized at the time of the Fire.

4

**RESPONSE:**

5
6

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

7
8
9
10

**REQUEST FOR ADMISSION NO. 75:**    A portable electric radiant heater located in the RV at the time of the Fire was plugged directly into an electrical outlet in the RV at the time of the Fire.

11

**RESPONSE:**

12
13

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

14
15

**REQUEST FOR ADMISSION NO. 76:**    The portable electric radiant heater located in the RV at the time of the Fire was found severely fire damaged following the Fire.

16

**RESPONSE:**

17
18
19
20
21

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Object to the extent "severely fire damaged" is vague and ambiguous. Without waiving the foregoing objections, and subject thereto, admit that all of the RV and its contents were severely fire damaged.

22
23

**REQUEST FOR ADMISSION NO. 77:**    The portable electric radiant heater located in the RV at the time of the Fire had fallen through the floor of the RV during the Fire.

24
25
26

**RESPONSE:** Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 21
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 78:**    A tag was placed on the portable electric radiant heater in the RV by responding fire department personnel following the Fire.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 79:**    The fire investigators for the Snohomish County Fire Marshal's Office determined that the portable electric radiant heater inside the RV could not be ruled out as a cause of the Fire.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time. Any report by the Snohomish County Fire Marshal's Office speaks for itself.

**REQUEST FOR ADMISSION NO. 80:**    The Snohomish County Fire Marshal's Office advised the Insureds in writing that any evidence that was tagged by the Fire Marshal's Office should not be tampered with, altered, manipulated, removed, damaged, tested, or destroyed so the integrity of the evidence could be maintained.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time. Any report by the Snohomish County Fire Marshal's Office speaks for itself.

**REQUEST FOR ADMISSION NO. 81:**    There was no operational fire sprinkler system installed in the Building at the time of the Fire.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 22
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 82:**    There was no operational fire alarm system installed in the Building at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny. There were smoke detectors in the building at the time of the fire.

**REQUEST FOR ADMISSION NO. 83:**    There was no operational fire notification system installed in the Building at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny. There were smoke detectors in the building at the time of the fire.

**REQUEST FOR ADMISSION NO. 84:**    There was no operational fire suppression system installed in the Building at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 85:**    There was no operational fire protection system installed in the Building at the time of the Fire.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 23
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 86:**     No fire sprinkler system was activated in the Building as a result of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 87:**     No fire alarm system was activated in the Building as a result of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny. There were smoke detectors in the building at the time of the fire. Mr. Phillips does not recall hearing them from his house.

**REQUEST FOR ADMISSION NO. 88:**     No fire notification system was activated in the Building as a result of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, deny. There were smoke detectors in the building at the time of the fire. Mr. Phillips does not recall hearing them from his house.

**REQUEST FOR ADMISSION NO. 89:**     No fire suppression system was activated in the Building as a result of the Fire.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 24
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 90:**    No fire protection system was activated in the Building as a result of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 91:**    There were no surveillance or security cameras located on the interior of the Building at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 92:**    There were no surveillance or security cameras located on the interior of the Building that were in operation at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 93:**    There were no surveillance or security cameras located on the exterior of the Building at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 25
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1

2    **REQUEST FOR ADMISSION NO. 94:**    There were no surveillance or security

3    cameras located on the exterior of the Building that were in operation at the time of the Fire.

4    **RESPONSE:**

5    Objection to the extent this Request is directed to the insureds, who are not a party to this

6    matter. Without waiving the foregoing objections, and subject thereto, admit.

7    **REQUEST FOR ADMISSION NO. 95:**    There is no video from any surveillance or

8    security cameras that shows the Fire first igniting.

9    **RESPONSE:**

10

11    Objection to the extent this Request is directed to the insureds, who are not a party to this

12    matter. Without waiving the foregoing objections, and subject thereto, admit.

13    **REQUEST FOR ADMISSION NO. 96:**    There is no video from any surveillance or

14    security cameras that shows the Fire.

15    **RESPONSE:**

16    Objection to the extent this Request is directed to the insureds, who are not a party to this

17    matter. Without waiving the foregoing objections, and subject thereto, admit.

18

19    **REQUEST FOR ADMISSION NO. 97:**    Plaintiff does not possess any video showing

20    the Fire first igniting.

21    **RESPONSE:**

22    Objection to the extent this Request is directed to the insureds, who are not a party to this

23    matter. Without waiving the foregoing objections, and subject thereto, admit.

24    **REQUEST FOR ADMISSION NO. 98:**    Plaintiff does not possess any photographs

25    showing the Fire first igniting.

26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 26
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 99:**    No person was present inside the Building when the Fire first ignited.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 100:**    No person was located immediately outside the Building when the Fire first ignited.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 101:**    No person observed the Fire first ignite.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 102:**    No person observed the point of origin of the Fire from inside the Building.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 27
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**REQUEST FOR ADMISSION NO. 103:** The Building was fully engulfed in fire when responding fire department personnel first arrived at the Insureds' property.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

**REQUEST FOR ADMISSION NO. 104:** Billowing smoke was coming out of the Building before responding fire department personnel ever arrived at the Insureds' property.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit that smoke was coming out of the building before the fire department arrived. Deny as to the remaining allegations.

**REQUEST FOR ADMISSION NO. 105:** The Snohomish County Fire Marshal's Office concluded that the cause of the Fire was undetermined.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time. Any report by the Snohomish County Fire Marshal's Office speaks for itself.

**REQUEST FOR ADMISSION NO. 106:** Stephen Phillips was not inside the RV at the time of the Fire.

**RESPONSE:**

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 28
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2

**REQUEST FOR ADMISSION NO. 107**:  Stephanie Phillips was not inside the RV at the time of the Fire.

3

**RESPONSE:**

4
5

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

6
7

**REQUEST FOR ADMISSION NO. 108**:  Stephen Phillips was not inside the Building at the time of the Fire.

8

9

**RESPONSE:**

10
11

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

12
13

**REQUEST FOR ADMISSION NO. 109**:  Stephanie Phillips was not inside the Building at the time of the Fire.

14

**RESPONSE:**

15
16

Objection to the extent this Request is directed to the insureds, who are not a party to this matter. Without waiving the foregoing objections, and subject thereto, admit.

17
18
19

**REQUEST FOR ADMISSION NO. 110**:  Plaintiff inspected the Fire scene on at least one occasion.

20

**RESPONSE:**

21

Admit.

22

**REQUEST FOR ADMISSION NO. 111**:  Plaintiff inspected the Fire scene on multiple occasions.

23

24

**RESPONSE:**

25

Admit.

26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 29
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 112**:  Norcold was not present at any Fire scene inspection conducted by Plaintiff.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 113**:  Plaintiff did not provide notice to Norcold of any Fire scene inspection conducted by Plaintiff.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 114**:  Plaintiff did not provide notice to Norcold of any Fire scene inspection attended by Plaintiff.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 115**:  Plaintiff inspected the Fire scene in January 2021.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 116**:  Plaintiff did not provide notice to Norcold of its January 2021 Fire scene inspection.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 117**:  Norcold was not present at the Fire scene inspection in January 2021.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 30
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Admit.

**REQUEST FOR ADMISSION NO. 118**:  Plaintiff inspected the Fire scene in February 2021.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 119**:  Plaintiff did not provide notice to Norcold of its inspection of the Fire scene in February 2021.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 120**:  Norcold was not present at the Fire scene inspection in February 2021.

**RESPONSE:**

Admit

**REQUEST FOR ADMISSION NO. 121**:  Plaintiff inspected the Fire scene on at least one more occasion after February 2021.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 122**:  Plaintiff did not provide notice to Norcold of any Fire scene inspection that Plaintiff conducted after February 2021.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 123**:  Norcold was not present at any Fire scene inspection conducted by Plaintiff after February 2021.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 31
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1

2

**RESPONSE:**

Admit.

3

4

5

**REQUEST FOR ADMISSION NO. 124:** Prior to the time Plaintiff conducted its inspections of the Fire scene, the Snohomish County Fire Marshal's Office had identified the Refrigerator as one of three objects in the RV as potential ignition sources for the Fire.

6

7

8

9

10

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time. Any report by the Snohomish County Fire Marshal's Office speaks for itself.

11

12

**REQUEST FOR ADMISSION NO. 125:** Plaintiff cleared the Fire scene after Plaintiff had inspected the Fire scene.

13

14

**RESPONSE:**

Admit.

15

16

17

**REQUEST FOR ADMISSION NO. 126:** Plaintiff authorized the Fire scene to be cleared after Plaintiff had inspected the Fire scene.

18

19

**RESPONSE:**

Admit.

20

21

**REQUEST FOR ADMISSION NO. 127:** Plaintiff did not preserve the Fire scene in its immediate post-loss condition for Norcold to inspect.

22

23

**RESPONSE:**

Admit.

24

25

26

**REQUEST FOR ADMISSION NO. 128:** The Fire scene was cleared prior to Plaintiff first notifying Norcold of the Fire.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 32
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 129:**  The Fire scene was cleared before Norcold could inspect the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 130:**  Plaintiff did not give Norcold any notice of an opportunity to inspect the Fire scene in its immediate post-loss condition before the Fire scene was cleared.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 131:**  Plaintiff authorized the clearing of the Fire scene without providing Norcold with an opportunity to inspect the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 132:**  Plaintiff removed the RV remains from the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 133:**  Plaintiff authorized removal of the RV remains from the Fire scene after Plaintiff had inspected the RV remains at the Fire scene.

**RESPONSE:**

Admit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 33
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2

**REQUEST FOR ADMISSION NO. 134:**  Plaintiff did not preserve the RV remains at the Fire scene in their immediate post-loss condition for Norcold to inspect.

3

**RESPONSE:**

4

Admit.

5
6

**REQUEST FOR ADMISSION NO. 135:**  The RV remains were removed from the Fire scene prior to Plaintiff first notifying Norcold of the Fire.

7
8

**RESPONSE:**

9

Admit.

10
11

**REQUEST FOR ADMISSION NO. 136:**  The RV remains were removed from the Fire scene before Norcold could inspect the RV remains at the Fire scene.

12

**RESPONSE:**

13

Admit.

14
15
16
17

**REQUEST FOR ADMISSION NO. 137:**  Plaintiff did not give Norcold any notice of an opportunity to inspect the RV remains at the Fire scene in their immediate post-loss condition before the RV remains were removed from the Fire scene.

18

**RESPONSE:**

19

Admit.

20
21
22

**REQUEST FOR ADMISSION NO. 138:**  Plaintiff authorized the removal of the RV remains from the Fire scene without providing Norcold with an opportunity to inspect the RV remains at the Fire scene.

23

**RESPONSE:**

24

Admit.

25
26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 34
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**REQUEST FOR ADMISSION NO. 139**:  Plaintiff removed the Refrigerator from the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 140**:  Plaintiff authorized removal of the Refrigerator from the Fire scene after Plaintiff had inspected the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 141**:  Plaintiff did not preserve the Refrigerator at the Fire scene in its immediate post-loss condition for Norcold to inspect.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 142**:  The Refrigerator was removed from the Fire scene prior to Plaintiff first notifying Norcold of the Fire.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 143**:  The Refrigerator was removed from the Fire scene before Norcold could inspect the Refrigerator at the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 144**:  Plaintiff did not give Norcold any notice of an opportunity to inspect the Refrigerator at the Fire scene in its immediate post-loss condition before the Refrigerator was removed from the Fire scene.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 35
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 145:**  Plaintiff collected the Refrigerator from the Fire scene without providing Norcold with an opportunity to inspect the Refrigerator at the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 146:**  Plaintiff removed the Refrigerator from the Fire scene so that the Refrigerator could be examined in the laboratory of Plaintiff's experts.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 147:**  Before Plaintiff removed the Refrigerator from the Fire scene for examination in the laboratory of Plaintiff's experts, Plaintiff did not stop its investigation and place Norcold on notice that the Norcold-branded refrigerator was being removed from the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 148:**  Plaintiff did not ensure that the Building was preserved in its immediate post-loss condition for Norcold to inspect.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 149:**  The Building was partly or fully demolished before Plaintiff first notified Norcold of the Fire loss made the basis of the Lawsuit.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 36
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 150:**  The Building was partly or fully demolished after Plaintiff inspected the Fire scene.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 151:**  The Building was altered before Plaintiff first notified Norcold of the Fire loss made the basis of the Lawsuit.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 152:**  The contents of the Building were removed prior to Plaintiff first notifying Norcold of the Fire.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 153:**  Plaintiff did not give Norcold any notice of an opportunity to inspect the Building in its immediate post-loss condition before the Fire scene was cleared.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 154:**  Plaintiff did not give Norcold any notice of an opportunity to inspect the contents of the Building in their immediate post-loss condition before the Fire scene was cleared.

**RESPONSE:**

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 37
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

Admit.

**REQUEST FOR ADMISSION NO. 155:**  Plaintiff did not preserve the RV's electrical shore power cord from the Fire scene.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 156:**  Plaintiff did not collect the RV's electrical shore power cord from the Fire scene for examination.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 157:**  Plaintiff did not preserve wiring from the High Temperature Sensor (HTS) safety device on the Refrigerator from the Fire scene.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 158:**  Plaintiff did not collect wiring from the High Temperature Sensor (HTS) safety device on the Refrigerator from the Fire scene for examination.

**RESPONSE:**

Plaintiff has made a reasonable inquiry at this stage in the litigation and does not have sufficient knowledge to admit or deny this Request at this time.

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 38
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
**REQUEST FOR ADMISSION NO. 159**: Plaintiff did not collect the circuit breaker panel in the RV from the Fire scene for examination.

3
**RESPONSE:**

4
 Deny.

5
6
**REQUEST FOR ADMISSION NO. 160**: Plaintiff never notified Norcold of the fire loss before the Fire scene was materially altered.

7
8
**RESPONSE:**

Admit.

9
10
11
12
**REQUEST FOR ADMISSION NO. 161**: Plaintiff never gave Norcold an opportunity to inspect the Fire scene, the RV, or the Building as part of its fire origin and cause investigation before the Fire scene was materially altered.

13
14
**RESPONSE:**

Admit.

15
**REQUEST FOR ADMISSION NO. 162**: Plaintiff insured the RV.

16
17
**RESPONSE:**

Admit.

18
19
20
**REQUEST FOR ADMISSION NO. 163**: Plaintiff insured personal contents owned by the Insureds that were in the RV at the time of the Fire.

21
**RESPONSE:**

22
Admit.

23
**REQUEST FOR ADMISSION NO. 164**: Plaintiff insured the Building.

24
**RESPONSE:**

25
 Admit.

26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 39
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20ᵀᴴ AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

1
2
**REQUEST FOR ADMISSION NO. 165:** Plaintiff insured personal contents owned by the Insureds that were in the Building at the time of the Fire.

3
**RESPONSE:**

4
Admit.

5
6
**REQUEST FOR ADMISSION NO. 166:** Plaintiff did not insure the Cessna airplane that was located in the Building at the time of the Fire.

7
8
**RESPONSE:**

Admit.

9
10
**REQUEST FOR ADMISSION NO. 167:** Plaintiff did not insure any motorcycles that were located in the Building at the time of the RV.

11
12
**RESPONSE:**

13
Admit.

14
15
**REQUEST FOR ADMISSION NO. 168:** Plaintiff did not insure any motor vehicles that were located in the Building at the time of the Fire other than the RV.

16
17
**RESPONSE:**

Deny.

18
19
**REQUEST FOR ADMISSION NO. 169:** Plaintiff did not insure any boats that were located in the Building at the time of the RV.

20
21
**RESPONSE:**

22
Admit.

23
**REQUEST FOR ADMISSION NO. 170:** Plaintiff did not insure any trailers that were located in the Building at the time of the RV.

24
25
///

26

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 40
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442

**RESPONSE:**

Deny.

Dated this 30th day of May 2023.

                                        SHUMSKY & BACKMAN

                              By:_____
                                        George M. Shumsky, WSBA #33915
                                        Brent J. Hardy, WSBA #45405
                                        Shumsky & Backman
                                        219 NW 20th Avenue, Suite 201
                                        Battle Ground, WA 98604
                                        Phone:    (360) 891-0442
                                        Fax:        (360) 891-0110
                                        E-mail:    george@shumsky-backman.com
                                        E-mail:    brent@shumsky-backman.com
                                        Of Attorneys for Plaintiff

PLAINTIFF'S RESPONSES TO DEFENDANT'S
REQUESTS FOR ADMISSION - 41
Cause No. 2:23-cv-00231

SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604
TELEPHONE (360) 891-0442