The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENCOMPASS INSURANCE COMPANY, as subrogee of Stephen and Stephanie Phillips,

Plaintiff,

v.

NORCOLD INC., a foreign corporation,

Defendant.

Case No: 2:23-cv-00231-JCC

**PLAINTIFFS' OPPOSITON TO NORCOLD LLC F/K/A NORCOLD, INC.'S MOTION FOR SANCTIONS FOR SPOLIATION OF MATERIAL EVIDENCE**

**Note Date: November 22, 2024**

## I. INTRODUCTION

Plaintiff collected all potential ignition sources that were in the area of origin as identified by its expert and the County Fire Marshal. This evidence was preserved in its immediate post loss condition and made available to Defendant to perform any inspection or destructive testing it determined was necessary. Plaintiff retained this evidence to keep it from degradation and destruction from exposure to pacific northwest winter weather and potential collapse of the fire damaged building.

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

Defendant has not been prejudiced as the issue is whether its refrigerator was the cause of the fire, which is Plaintiff's burden to prove. Defendant has an expert report stating that the refrigerator was not the cause of the fire, regardless of the fire scene. Defendant also has the ability for its experts to point to perceived deficiencies in Plaintiff's investigation to show there may be other causes of the fire. Defendant does not have the burden at trial to identify the cause of the fire. That burden falls on the plaintiff.

Plaintiff could not preserve the entire fire scene of a 6200 square foot building, as defendant would have it do. It preserved evidence relevant to the cause of the fire while balancing its duty to preserve evidence and its duty to mitigate damages. This matter can be tried without any prejudice to Defendant; as such, Defendant's motion should be denied.

## II. STATEMENT OF FACTS

The relevant facts are generally set forth in the Motion. Additional relevant facts are set forth below.

### A. The Fire at the Insureds' Residence Destroyed Real and Personal Property.

The insureds, Stephen and Stephanie Phillips, owned a detached hanger/storage/garage (the "Garage") that caught fire on January 29, 2021. *Decl. of Brent J. Hardy in Opp. to Def.'s Motion for Sanctions ("Hardy Decl."),* **Ex. A**. The Garage was approximately 6,183 square feet. *Id.* at p. 54. The Garage contained, among other things, eight cars, seven motorcycles, two boats, one golf cart, one airplane, four trailers, and one 2006 Monaco motorcoach, a Diplomat 40 PAQ (the "RV"). *Id.* at p. 4.

### B. The County Fire Marshal Determined the Area of Origin was in the Middle of the RV.

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

Snohomish County Fire Marshal, Dan Lorentzen, performed an investigation into the cause and origin of the fire. *Id*., **Ex. A**. Mr. Lorentzen concluded:

> It is my opinion that the inception of the fire occurred inside the detached garage/hangar. An examination of the fire burn patterns, flame spread analysis, physical evidence indicators and eyewitness testimony, place the fire starting near the center of the structure, in a 40', Monaco, motorhome. While the exact cause of the fire is undetermined, three possible causes that cannot be rule[d] out are high resistance heating/arcing within an energized and operating dehumidifier, portable electric oil filled radiant heater, or a failure with the electric refrigerator/freezer inside the motorhome.

*Id.,* **Ex. A** at p. 19. Mr. Lorentzen's investigation included each aspect of the exterior of the building. The investigation also included an investigation of the inside of the building, and a detailed explanation of the area of origin. *Id*., **Ex. A** at p. 23-24. Mr. Lorentzen noted that the insureds told him that the "bulk of the fire appeared to be where the motorhome was located." *Id.,* **Ex. A** at p. 24. Mr. Lorentzen also included 395 pictures of the loss along with his report. *Id*., **Ex. A** at pp. 58-69.

**C. Plaintiff's Expert Agrees the Area of Origin was the RV.**

Plaintiffs' expert regarding the origin of the fire, Scott Roberts, agrees the fire's area of origin was in the RV. *See Hardy Decl.,* **Ex. B** at p. 30. Defendant has produced a list of 656 claims that have been made regarding fires or other failures involving the refrigerator model at issue in this litigation. (Dkt. 44 at p. 15).

**D. Plaintiff Preserved Relevant Evidence, Which was Subject to Degradation or Destruction from the Elements.**

Encompass Insurance Company retained George Shumsky of Shumsky & Backman to assist with the investigation of the fire. *Decl. of George M. Shumsky in Opp. to Def.'s Motion for Sanctions ("Shumsky Decl.")* at ¶ 4. Shumsky & Backman then retained Scott Roberts of Jensen Hughes to investigate the cause of the subject fire. *Id*. at ¶ 5. Mr. Roberts conducted an

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

inspection of the fire scene and advised Mr. Shumsky the fire originated inside of the RV. *Id*. at ¶ 6. Mr. Roberts further advised he was unable to determine the specific cause of the fire at that time, but he did advise that the fire originated in the area where a Norcold refrigerator was located. *Id*. at ¶ 7. There was also an electric oil heater and a dehumidifier in this immediate area of the RV. *Id*. Finally, Mr. Roberts advised that the above referenced artifacts were exposed to the elements and subject to alteration/degradation due to wind, rain, and snow events. *Id*. at ¶ 8. As a result of these weather events, the evidence was also at risk of a collapse of the remains of the burn damaged surrounding structure. *Id*. Mr. Shumsky instructed Mr. Roberts to preserve the referenced artifacts in their immediate post loss condition so they could be evaluated in a future lab setting with all interested parties in attendance. *Id*. at ¶ 9.

## III. EVIDENCE RELIED UPON

This Opposition is based on the accompanying Declarations of George M. Shumsky and Brent J. Hardy, and on the files and records herein.

## IV. ARGUMENT

### A. Plaintiff has not Committed any Spoliation of Evidence.

Federal courts possess inherent authority to levy sanctions against a party that prejudices its opponent through the destruction or spoliation of relevant evidence. *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993); *see also Leon v. IDX Systems Corp.,* 2004 WL 5571412, *3 (W.D. Wash. 2004). However, this authority is to be exercised with restraint and discretion to fashion appropriate sanctions for conduct that abuses the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 111 S. Ct. 32, 115 L.Ed.2d 27 (1991).

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence, in pending or reasonably foreseeable litigation. *United States v. Kitsap Physicians*

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

*Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002). Before sanctioning a party for spoliation, the court must first determine whether the spoliator possessed a duty to preserve the evidence at issue. *See Leon, 2004 WL 5571412* at *3. Upon locating a duty to preserve, the court will consider the prejudice suffered by the non-spoiling party and the level of culpability of the spoliator. *Id*. The party's motive or degree of fault is relevant to the court's choice of sanctions. *In re Napster, Inc. Copyright Litig.,* 462 F.Supp.2d, 1060, 1066 (N.D. Cal. 2006). Appropriate sanctions include adverse inference instructions, exclusion of evidence proffered by the spoiling party, and dismissal or default. *Leon* v. *IDX Systems Corp*., 464 F.3d 951, 958 (9th Cir. 2006).

Here, there was no spoliation of evidence. In fact, plaintiff preserved the evidence of the fire in its immediate post loss condition before it became altered or destroyed by the elements to which it was destroyed, including the remains of a building on the verge of collapse. Plaintiff was also intent on putting its insureds' life back together as soon as possible after the fire, this included releasing the fire scene to allow the repairs to begin. This was done after the County Fire Marshal analyzed fire patterns, investigated the fire, talked to the insureds, and determined the area of origin of the fire was in the center of the RV. The three possible sources of the fire (1: portable heater; 2: dehumidifier; and 3: the Norcold refrigerator (the "Retained Evidence")) were retained in their immediate post-loss condition. Relevant evidence was retained to protect it from further degradation or destruction from exposure to the elements and the potential collapse of the fire damaged remains of the Garage.

Plaintiff's expert also investigated the scene and determined through fire patterns, interviews with the insureds, and inspection of the Retained Evidence that the area of origin was in the middle of the RV. Knowing this, the insureds were allowed to move on with their lives and make repairs to the Garage.

LAW OFFICES OF
**SHUMSKY & BACKMAN**
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

1. Duty to Preserve.

A litigant is under a duty to preserve evidence in its possession or control that the party knows or should have known is relevant to litigation or which might lead to the discovery of admissible evidence. *Leon,* 2004 WL 5571412 at *3. The duty to preserve attaches as soon as a party "should reasonably know that evidence may be relevant to anticipated litigation." *Suyrowiec v. Capital Title Agency, Inc.* 790 F.Supp.2d 997, 1005 (D. Ariz 2011).

Here, both the County Fire Marshal and Plaintiff's expert investigated the fire and found the fire patterns directly led to the middle of the RV. The only items of interest in the middle of the RV were the Norcold refrigerator, a dehumidifier, and a heater. These relevant items were all collected and stored in their immediate post loss condition at Plaintiffs' expert's storage facility. These pieces of evidence were made available for Defendant to observe, investigate, and perform testing on. Defendant did in fact observe, investigate, and perform testing on the Retained Evidence.

Plaintiff preserved all evidence that was reasonably related to the fire. This is especially true where the fire scene involves an approximately 6200 square foot Garage that contained, among many other things, sixteen vehicles, a boat, an airplane, four trailers, and the RV. The entire fire scene could not be preserved. Additionally, a removal and preservation of the evidence was required where the evidence was exposed to pacific northwest winter elements including, rain, wind, snow, and hail. Not only could each of those elements individually damage the evidence, but those elements could have caused the Garage to further collapse damaging or destroying any evidence at the scene.

Where fire patterns, testimony, and evidence of a recalled refrigerator with a history of over 626 claims point to a certain area of origin, the rest of a scene can be released.

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

2. <u>Relevance of Evidence and Prejudiced Suffered.</u>

The Court's prejudice inquiry "looks to whether the [spoiling party's] actions impaired the [non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case. *Leon,* 464 F.3d at 959. Prejudice exists where the failure to preserve forces the non-spoiling party to "rely on incomplete and spotty evidence at trial." *Id*.

The relevance of the evidence and prejudice suffered do not lend to the imposition of any sanction for spoliation of evidence. Plaintiff has brought a product defect action under Washington's Product Liability Act. For Plaintiff to prevail, it must prove the Norcold refrigerator was designed, manufactured, and/or sold by Norcold in a defective and unreasonably dangerous condition, or that the refrigerator was not reasonably safe in construction because when it left the control of Norcold and started the fire at issue. This burden is Plaintiff's, not Norcold's. This case revolves around whether the Norcold refrigerator caused the fire or it didn't.

Defendant does not need to prove what else might have caused the fire or that the fire started in some other area of the Garage. The Retained Evidence contains all the possible sources of the fire in the area of origin. Defendant has had every opportunity to examine and test this evidence. Defendant has done this and has an expert, Ms. Petty-Galis, who will testify that the Norcold refrigerator was not the cause of the fire. Ms. Petty-Galis has provided a complete 15-page report which concludes that the Refrigerator was not the cause of the fire. Defendant was not prejudiced by any alleged spoliation.

3. <u>Culpability of Spoliator.</u>

In the Ninth Circuit, "a court may impose sanctions on a party for spoliating evidence if the court finds that the party acted with 'conscious disregard' of its discovery obligations;

LAW OFFICES OF
**SHUMSKY & BACKMAN**
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

generally, a finding of bad faith is not required." *See Apple Inc. v. Samsung Elec. Co., Ltd.,* 888 F. Supp. 2d 976, 998, (N.D. Ca. 2012) (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp,* 982 F.2d 363, 368 n.2 (9th Cir. 1992).

Plaintiff was not culpable for spoliation of evidence as there was no conscious disregard of discovery obligations. Plaintiff was informed by its expert, which is backed up by the independent investigation of the County Fire Marshal, that the area of origin was in the middle of the RV. The only possible ignition sources for the fire were the Norcold refrigerator, the dehumidifier, and the oil heater. Plaintiff made sure that each of these items were preserved in their immediate post-loss condition and moved to its expert's evidence storage facility for future examination.

Not only did Plaintiff make sure the relevant artifacts from the fire were preserved, but it also made sure to do so to avoid any potential destruction or degradation of the evidence as a result of the pacific northwest winter weather, or the potential of collapse of the fire damaged remains of the Garage.

Although Defendant would like to have the entire Garage preserved in its immediate post-loss condition for an unknown amount of time, this is not practical or necessary for a product liability claim that revolves around whether the refrigerator caused the fire. There needs to be some end to what needs to be preserved after a fire loss. In this scenario, that should be viable sources of ignition within the area of origin as determined by the County Fire Marshal and Plaintiff's expert.

**B. Even if the Court Finds Spoliation, any Sanction Should be Minimal.**

In selecting among available sanctions, the court imposes the "least onerous sanction" given the extent of fault and prejudice to the moving party. *In re Napster*, 462 F. Supp.2d at

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

1078. The sanction imposed should be commensurate to the prejudice caused by the spoliation and to the culpability or motive of the party at fault. *See Apple Inc. v. Samsung Elec. Co., Ltd.,* 888 F. Supp. 2d 976, 992-993 (N.D. Ca. 2012).

1. A Dismissal Sanction is Unwarranted.

A court may dismiss a case if the "conduct to be sanctioned [is] due to willfulness, fault or bad faith." *Anheuser-Busch, Inc. v. Nat'l Beverage Distribs.,* 69 F. 3d 337, 348 (9th Cir. 1995). Because dismissal is a harsh sanction, the Court should consider: "(1) the public's interest in expeditious resolution of litigation; 2) the Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch,* 69 F.3d at 348. While a court need not make explicit finds as to each factor, "a finding of willfulness, fault, or bad faith" and a consideration of "less severe alternatives than outright dismissal" are required. *Id.* at 348.

A full balancing of the factors shows that a sanction of dismissal is not warranted. A determination of the case on the merits is available without a sanction of dismissal. As stated above, the issue here is whether the refrigerator caused the fire. The refrigerator was retained and Norcold was able to perform any investigation it wanted. It also has an expert who has examined the refrigerator and metallurgical findings and opined the it was not the cause of the fire without any reference to the fire scene examination. Where the refrigerator is available and has been examined, there are certainly less onerous sanctions that could be levied if the Court finds a sanction is appropriate.

Additionally, Defendant's cause and origin expert was able to point to many different alleged possibilities that could have caused the fire. This is common in fire loss cases.

LAW OFFICES OF
**SHUMSKY & BACKMAN**
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

Defendant does not need to prove the cause of the fire, just that its refrigerator was not the cause of the fire. Defendant can still argue that Plaintiff performed its investigation improperly, there was evidence that was uncollected, and there were many other sources of ignition and fuel in the garage that could have started the fire. There is ample evidence and argument that Defendant can use to do this. Again, it has provided expert opinions as such.

The public's interest in the resolution of this case and the Court's ability to manage its docket have not been impacted. There has been no request for a continuance regarding this matter. There has been a motion that was contemplated by the Case Scheduling Order. This issue has not taken an inordinate amount of the Court's time or public resources. A sanction of dismissal is not appropriate where Plaintiff acted in good faith to preserve what it believed to be the relevant evidence regarding the cause and origin of the fire.

2. <u>An Adverse Inference Sanction is Inappropriate</u>

A district court's adverse inference instruction should be carefully fashioned to deny the wrongdoer the fruits of the misconduct yet not interfere with that party's right to produce other relevant evidence." *In re Oracle Corp. Securities Litig.,* 627 F.3d 376, 386-87 (9th Cir. 2010). As shown above, there was no misconduct associated with Plaintiff's actions in preserving the relevant evidence in the area of origin; as such, no adverse inference sanction is appropriate.

**C. Along with a Duty to Preserve Plaintiff had a Duty to Mitigate its Damages.**

One who is injured by another's breach of contract must use reasonable means to avoid or mitigate damages. *Smith v. King*, 106 Wn. 2d 443, 450-51 (1986). The concept of mitigation of damages applies to tort cases as well. *Bernsen v. Big Bend Electric*, 68 Wn. App. 427, 433 (1993). A person who has been injured by another's wrongdoing is given wide latitude and is only required to act reasonably in mitigating its damages. *TransAlta v. Sicklesteel Cranes*, 134

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

Wn. App. 819, 826 (2006). In addition, there was no duty imposed on plaintiff to refrain from repairing its damaged property. See, *Henderson v. Tyrrell*, 80 Wn. App. 592, 610 (1996).

Plaintiff was fulfilling its legal duty to mitigate its damages following a catastrophic failure of the Norcold refrigerator. Plaintiff's attempts to mitigate its damages should not result in a sanction from the Court. Had Plaintiff not attempted to mitigate its damages, Defendant would have a motion in front of this Court questioning the damages due to Plaintiff's failure to begin the mitigation process associated with this fire. Plaintiff did everything it needed to do to determine the area of origin of the fire, preserve the evidence in the area of origin that could have caused the fire, and allow defendant access to examine and test the evidence. There are two separate sets of photos of the fire scene for Defendant to review, that of the County Fire Marshal and Plaintiff's expert's photos. Defendant can review those photos to the extent they are relevant to proving that its refrigerator did not fail.

**CONCLUSION**

No sanctions are appropriate where Plaintiff retained the relevant evidence regarding the cause of the fire. Both its expert and the County Fire Marshal determined the area of origin of the fire was in the middle of the RV. Plaintiff retained that evidence in its immediate post loss condition. This evidence has been examined, and Defendant has been able to prepare an expert report discussing why the Norcold refrigerator was not the cause of the fire, without reference to the fire scene. Defendant has not been prejudiced.

Plaintiff would be extremely prejudiced if it were to get an adverse jury instruction when it was acting on the advice of its expert and with the intent of actually protecting the evidence from the elements. Further, Plaintiff was working within its dual and conflicting duties to preserve evidence and to mitigate damages. Where Plaintiff retained evidence that was relevant

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442

to the cause of the fire, which is the issue of this litigation, it should not be sanctioned for its actions. Defendant's motion should be denied.

DATED this 12th day of November 2024.

SHUMSKY & BACKMAN

By: ______________________________
Brent J. Hardy, WSBA #45405
Of Attorneys for Plaintiff

LAW OFFICES OF
SHUMSKY & BACKMAN
219 NW 20TH AVENUE, SUITE 201
BATTLE GROUND, WA 98604-5083
TELEPHONE (360) 891-0442