UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, as subrogee of Stephen and Stephanie Phillips,<br><br>    Plaintiff,<br><br>    v.<br><br>NORCOLD INC.,<br><br>    Defendant. | CASE NO. 2:23-cv-231<br><br>ORDER |
| ESSENTIA INSURANCE COMPANY,<br><br>    Intervention Plaintiff,<br><br>    v.<br><br>NORCOLD INC.,<br><br>    Intervention Defendant. | |

The Court raises this matter sua sponte.

Subrogation-plaintiff Encompass Insurance Company ("Encompass") brings this product liability suit against Defendant Norcold, Inc. ("Norcold"), alleging that a defective Norcold refrigerator caused a fire that destroyed Stephen and Stephanie

ORDER - 1

Phillips' ("insureds") garage building, recreational vehicle ("RV"), and other property. Dkt. No. 1-2. Now before the Court is Norcold's motion for sanctions for spoliation. Dkt. No. 55.

In this motion, Norcold argues that Encompass wrongfully destroyed material evidence when it authorized demolition of the insureds' garage building and RV before Norcold could inspect the fire scene. Dkt. No. 55. Encompass counters that it authorized demolition of the fire scene to mitigate damages, and that it dutifully preserved the only three items of evidence that its expert identified as possible ignition factors: the Norcold refrigerator, a nearby heating machine, and a nearby dehumidifier. Dkt. No. 57. But in its reply, Norcold disputes the notion that these three items were indeed "the only possible ignition sources for the fire[.]" Dkt. No. 65 at 4 (quoting Dkt. No. 57 at 8). To the contrary, Norcold asserts that the garage building's electrical system, as well as the RV's electrical system, may have caused the fire. *Id.* at 4-6. In support of this argument, Norcold cites and attaches an expert report ("Perryman Report") aiding its position. *See* Dkt. No. 65-2.

Norcold presents this argument, backed by the Perryman Report, for the first time in its reply brief. "Ordinarily, the Court will not consider issues raised for the first time in a reply brief." *Yageo Am. Corp. v. Tseng*, No. C06-0227RSL, 2006 WL 8454994, at *1 (W.D. Wash. Apr. 21, 2006). "District courts in this Circuit have ruled that 'it is improper for a party to raise a new argument in a reply brief[,]' largely because the opposing party may be deprived of an opportunity to respond." *Id.* (quoting *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (2001)). But a "district court [has] discretion to consider [an] issue even if it was raised in a reply

ORDER - 2

brief." *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001). "In particular, a surreply filed by the non-moving party may afford an adequate opportunity to respond." *Yageo Am. Corp.*, 2006 WL 8454994, at *1 (citing *Cedar-Sinai Med. Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999)).

The Court finds that it was improper for Norcold to present the conclusions from the Perryman Report for the first time in its reply brief. To ensure that Encompass has a full and fair opportunity to respond, the Court sua sponte grants Encompass FOURTEEN (14) days to file an optional sur-reply of no more than FIVE (5) pages addressing only those matters raised for the first time in Norcold's reply brief.

It is so ORDERED.

Dated this 26th day of December, 2024.

Jamal N. Whitehead
United States District Judge