UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORCOLD INC.,<br><br>Defendant. | CASE NO. 2:23-cv-231<br><br>ORDER |
| ESSENTIA INSURANCE COMPANY,<br><br>Intervention Plaintiff,<br><br>v.<br><br>NORCOLD, INC.,<br><br>Intervention Defendant. | |

## 1. INTRODUCTION

Subrogation-Plaintiff Encompass Insurance Company ("Encompass") and Intervention-Plaintiff Essentia Insurance Company ("Essentia") bring this product-liability suit against Defendant Norcold, Inc. ("Norcold"), alleging that a Norcold refrigerator caused a fire that destroyed their insureds' garage, vehicles, and other

property. Trial is set to begin on September 8, 2025. This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 72, 74. Having reviewed the motions, the briefing, the record, and the law, and having heard oral argument, *see* Dkt. No. 87, the Court, being fully informed, ORDERS as follows.

## 2. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine must identify the specific evidence sought to be excluded and detail the reasoning for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). A motion devoid of specificity or merely reminding the court to follow established rules will generally be denied. *See id.* Trial courts need no reminder of their fundamental duty to enforce the federal rules during trial—that much is self-evident and requires no motion to secure.

Trial courts possess broad discretion when ruling on motions in limine, *Heller,* 551 F.3d at 1111, though such decisions are not binding and may be reconsidered at trial, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Thus, denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court will not order exclusion. *See id.* In other words, denials are without prejudice. And if the court grants a motion in limine, it may still revisit its earlier ruling based on the events at trial.

## 3. STIPULATED MOTIONS

The Court GRANTS the stipulated motions below:

**MOTION 1:** "Exclusion of Statements and Evidence About Norcold's Plant Closures." *See* Dkt. No. 74 at 3.

**MOTION 2:** "Exclusion of Statements and Evidence About Norcold's Insurance." *See* Dkt. No. 74 at 3.

**MOTION 3:** "Exclusion of Statements and Evidence of the Size, Revenue, Financial Net Worth, or Wealth of the Parties." *See* Dkt. No. 74 at 4.

**MOTION 4:** "Exclusion of Statements and Evidence Relating To Punitive Damages." *See* Dkt. No. 74 at 4.

**MOTION 5:** "Exclusion of 'Golden Rule' Arguments." *See* Dkt. No. 74 at 4.

**MOTION 6:** "Exclusion of Statements that Norcold Can Better Afford to Pay Damages or Expenses Incurred by Plaintiffs." *See* Dkt. No. 74 at 4.

**MOTION 7:** "Exclusion of Evidence of Settlement Discussions." *See* Dkt. No. 74 at 4.

**MOTION 8:** "Preclusion of Statements About Witnesses Not Called." *See* Dkt. No. 74 at 5.

**MOTION 9:** "Preclusion of Statements About the Probable Testimony of Absent Witnesses." *See* Dkt. No. 74 at 5.

**MOTION 10:** "Preclusion of Attempts to Have Any Party Stipulate to Facts or Documents or to Agree to Produce Documents." *See* Dkt. No. 74 at 5.

**MOTION 11:** "Preclusion of Statements About Discovery Disputes." *See* Dkt. No. 74 at 5.

**MOTION 12:** "Preclusion of Statements About Motions in Limine." *See* Dkt. No. 74 at 6.

1    **MOTION 13:** "Preclusion of Statements About Litigation Strategy." *See* Dkt.

2    No. 74 at 6.

3    ### 4.  PLAINTIFFS' CONTESTED MOTIONS

4    The Court RULES as follows on Plaintiffs' contested motions in limine.

5    **MOTION A:** Plaintiffs move to exclude any evidence "refuting the value or

6    reasonableness of Plaintiffs' damages" on the grounds that Norcold has not

7    disclosed any testimony on this issue. Dkt. No. 72 at 2–3. Plaintiffs fail to identify

8    what type of damages they claim requires expert testimony to challenge. Even more

9    to the point, Plaintiffs cite no authority establishing that expert testimony is

10   generally required to contest the reasonableness of damages. To the contrary, lay

11   witness testimony will often suffice to establish or challenge damages. *See Salisbury*

12   *v. City of Seattle*, 522 P.3d 1019, 1025 (Wash. Ct. App. 2023) ("[T]here is no reason

13   lay witnesses may not testify to their sensory perceptions, the weight of the

14   testimony to be determined by the trier of fact" to establish future damages). This

15   motion is DENIED.

16   **MOTION B:** Plaintiffs move to exclude any evidence of "Plaintiffs failing to

17   mitigate their damages" on the grounds that "none of the experts or lay witnesses

18   disclosed by Defendant presented any opinions regarding Plaintiffs failing to

19   mitigate their damages." Dkt. No. 72 at 3–4. The Court will adhere to the Federal

20   Rules governing expert witness disclosures and opinion, as well as the rules

21   controlling opinion testimony by lay witnesses. This motion is DENIED.

22

23

1      **MOTION C:** Plaintiffs move to exclude any evidence that "[n]o safer,

2    alternative design for the subject Norcold refrigerator existed at the time the

3    refrigerator was manufactured that was technologically and economically feasible"

4    on the grounds that "[n]one of the experts disclosed by Defendant presented any

5    opinions regarding any alternative designs for the Norcold refrigerator." Dkt. No. 72

6    at 4. Norcold counters that "[t]he fact Norcold's experts did not provide any opinion

7    as to potential alternative designs does not preclude Norcold itself from testifying

8    regarding its own product." Dkt. No. 78 at 4. Norcold is right. This motion is

9    DENIED.

10     **MOTION D:** Plaintiffs move to "admit other prior similar incidents identified

11   by Norcold in discovery." Dkt. No. 72 at 4. Specifically, they seek to admit

12   "investigations and photographs" from twenty-three product-liability claims against

13   Norcold, and to elicit expert testimony about these claims. *See* Dkt. No. 79 at 8–19.

14   They also seek to exclude "any testimony that claims listed by Defendant in

15   response to Interrogatory No. 11 and contents of claim files produced by Defendant

16   in response to Interrogatory No. 14 do not involve the same Norcold Refrigerator as

17   is at issue in this case." Dkt. No. 72 at 4.

18     "A showing of substantial similarity is required when a plaintiff attempts to

19   introduce evidence of other accidents as direct proof of negligence, a design defect,

20   or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105

21   (9th Cir. 1991). This rule "rests on the concern that evidence of dissimilar accidents

22   lacks the relevance required for admissibility under [Fed. R. Evid.] 401 and 402."

23   *Id.* "Evidence proffered to illustrate the existence of a dangerous condition

ORDER - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

necessitates a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury." *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988). "The burden is on the proponent of the evidence to demonstrate substantial similarity." *Smith v. Beech Aircraft Corp.*, Case No. 97-17135, 1999 WL 274515, at *1 (9th Cir. April 29, 1999).

Plaintiffs surmise that the past claims must be substantially similar because Norcold identified them in response to Encompass's discovery requests targeting "claims for property damage or personal injury involving the Norcold Refrigerator model at issue in this litigation." Dkt. No. 72 at 9. But this mere fact of production proves only that the claims involved the same refrigerator model, not that they were substantially similar.

Plaintiffs also point to their expert report, which states that their experts "examined many other absorption refrigerators that have caused fires"; that "several of them were manufactured by Norcold"; that "[t]he boiler tube on those refrigerators were found to have been heavily corroded prior to the fire and led to a premature leak of the contents of the refrigeration system into the area behind the refrigerators, similar to the subject refrigerator of this investigation"; and that "Norcold has conducted five recall campaigns on this model of refrigerator"—all of which "involved leaks of the refrigerator boiler tubing and the risk of fire caused by the leaks." Dkt. No. 56-2 at 6. The problem, however, is that Plaintiffs' expert report does not indicate particularized knowledge about the claims that Norcold produced in discovery and which Plaintiffs wish to present at trial. Nor could it have—as it

was written before Norcold produced the claim list. *See* Dkt. No. 73-2 (Interrogatory Response, March 15, 2024); 56-2 (Jensen Hughes Report, March 4, 2024).

Thus, Plaintiffs are left with nothing to even proffer that "the circumstances surrounding the other accidents were substantially similar to the accident involved in the present case." *Wheeler*, 862 F.2d at 1407. Without more, allowing Plaintiffs to simply present evidence of other fires at trial, as they suggest, would violate Rule 403 in just about every way.

Thus, Plaintiffs' prior-incident evidence is not admissible. The motion is DENIED.

### 5. NORCOLD'S CONTESTED MOTIONS.

The Court RULES as follows on Norcold's contested motions in limine.

**MOTION 14:** Norcold moves to exclude "any and all statements, argument, or evidence of any other incidents, claims, and lawsuits allegedly involving a Norcold refrigerator." Dkt. No. 74 at 6. As discussed above (*supra* § 4, Motion D), the Court will not admit evidence of past claims against Norcold because Plaintiffs have not demonstrated substantial similarity. Thus, this motion is GRANTED IN PART. But as explained below (*see infra* § 5, Motions 15, 16), the Court will admit evidence of prior recalls. Thus, to the extent evidence of past recalls qualifies as "evidence of any other incidents," this motion is DENIED IN PART.

**MOTION 15:** Norcold moves to exclude under Fed. R. Evid 403 "any and all references to, statements about, or evidence of any models of Norcold refrigerators other than the Norcold 1210 model refrigerator alleged to be at issue in this suit." Dkt. No. 74 at 10. But as Plaintiffs argue, Norcold's own recall notices expressly

1    indicate that different models of Norcold refrigerators exhibited the same defects

2    allegedly at issue here. *See* Dkt. No. 76 at 4 (quoting recall notification). Plaintiffs'

3    expert report adequately makes this point: "All five recalls cautioned that if a leak

4    occurred and the unit continued to operate, hydrogen and ammonia gases may be

5    expelled and could be ignited, resulting in a fire." Dkt. No. 56-2 at 6. Plaintiffs have

6    met their burden of establishing the probative value of past-recall evidence

7    involving other Norcold refrigerators. Thus, this motion is DENIED. Nevertheless,

8    the Court will apply the Federal Rules and exclude any evidence about other

9    Norcold refrigerator models that is irrelevant or does not survive the Rule 403

10   balancing test.

11       **MOTION 16:** Norcold moves to exclude "all references to, statements about,

12   or evidence of any recalls because none applied to the Norcold refrigerator at issue

13   here." Dkt. No. 74 at 10–11. As explained above (*supra* § 5, Motion 15), Encompass's

14   expert report adequately establishes the relevance of Norcold's past recalls. This

15   motion is therefore DENIED.

16       **MOTION 17:** Norcold moves to exclude "any and all references to,

17   statements about, or evidence of any deposition or trial testimony purportedly given

18   by any past or present employees, officers, directors, or representatives of Norcold

19   that was given in other lawsuits." Dkt. No. 74 at 11–12. The ground for this motion

20   is that Plaintiffs disclosed no such evidence. *Id.* The Court will apply the Federal

21   Rules. This motion is DENIED.

22       **MOTION 18:** Norcold moves to exclude "all opinions from Plaintiffs' expert

23   witnesses, and all bases and reasons for any opinions, that were not contained in

1    the expert's Rule 26 expert report produced in this lawsuit." Dkt. No. 74 at 12–13.

2    "Plaintiffs generally agree that all opinions not contained within an expert's report

3    or deposition testimony should be excluded." Dkt. No. 76 at 7. However, the parties

4    disagree about whether Plaintiffs' expert Jeff Marsh's disclosures adequately set

5    forth certain opinions and bases/reasons for opinions.

6        In his expert report, Marsh stated his conclusions that (i) the dehumidifier in

7    the RV did not cause the fire; (ii) the oil-filled radiant heater in the RV did not

8    cause the fire; and (iii) a leak of flammable refrigerant in the Norcold refrigerator

9    caused the fire. Dkt. No. 61-1 at 31–32. As for the dehumidifier and heater, he

10   provided as the bases/reasons for his opinions that (a) no electrical arcing was

11   identified in these products, and (b) radiographic examination revealed no evidence

12   of anomalous electrical activity. *Id.* Later, in a declaration relating to a *Daubert*

13   dispute, he explained that part of his basis/reason for ruling out the heater and

14   dehumidifier as ignition factors was that the insured allegedly never reported

15   smelling an unusual or bad odor from these units. Dkt. No. 62 at 3.

16       At issue is whether Marsh may testify at trial that (1) "the Norcold

17   refrigerator caused the fire"; (2) "the failure mode in the refrigerator could not have

18   been caused by an attacking fire"; (3) "malfunctioning electrical equipment often

19   emits distinct odors"; and (4) "at no time did Stephen Phillips report odors

20   emanating from the dehumidifier or heater." Dkt. No. 74 at 12. As to (1) and (2), the

21   Court finds that Marsh's report adequately discloses these opinions. As to (3) and

22   (4), the Court finds that it does not. The Court rejects Plaintiffs' argument that the

23   lack of "malodorous symptoms" was "part and parcel" of Marsh's assertion, in the

expert report, that a lack of evidence of electrical failure was found in the heater and dehumidifier. *See* Dkt. No. 76 at 8. The report expressly stated the bases for this conclusion as: (a) the lack of arcing, and (b) the radiographic examination. The report did not mention smells, and Marsh may not testify at trial about this late-disclosed basis for his conclusions.

As such, Marsh may not testify at trial that malfunctioning electrical equipment often emits distinct odors, and that at no time did the insured report odors emanating from the dehumidifier or heater. Thus, this motion is GRANTED IN PART. It is DENIED IN PART to the extent it needlessly repeats the Court's general duties under the Federal Rules.

**MOTION 19:** Norcold moves to exclude "all statements or suggestions that [Snohomish County Fire Marshal Daniel] Lorentzen is an expert or has expertise in conducting fire investigations or fire origin and cause analysis" and to preclude "Plaintiffs from attempting to elicit expert opinions from Mr. Lorentzen, including any expert opinions regarding the area of origin of the subject fire." Dkt. No. 74 at 13. The basis of this motion is that "Plaintiffs did not disclose Mr. Lorentzen as a retained or non-retained expert in Plaintiffs' Rule 26 Expert Disclosures served in this lawsuit on March 4, 2024." *Id.*

Plaintiffs counter that "Defendant has been provided all information required by Fed. R. Civ. P. 26(a)(2)(C) and Mr. Lorentzen should be permitted to testimony regarding the opinions and findings contained in his report and subsequent deposition testimony." Dkt. No. 76 at 8.

The Court agrees with Plaintiffs. To the extent Plaintiffs violated Fed. R. Civ. P. 26(a)(2)(C) by failing to include Lorentzen in their Expert Disclosures, this failure was harmless given that "Mr. Lorentzen was listed as a witness in response to interrogatories and Initial Disclosures, his report was produced by Defendant, and Defendant took Mr. Lorentzen's deposition to further understand his opinions and the basis thereof." *Id.* at 11; *see Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (laying out harmlessness factors under Fed. R. Civ. P. 37(c)(1)). This motion is DENIED.

**MOTION 20:** Norcold moves to preclude "all statements or suggestions that Mr. [Brian] Hedberg is an expert or has any expertise in appraising the fair market value of classic vehicles or appraising property damage" and to preclude "Plaintiffs from attempting to elicit expert opinions from Mr. Hedberg at trial, including but not limited to any expert opinions regarding the fair market value of any classic vehicles destroyed in the fire[.]" Dkt. No. 74 at 13–14. The basis of this motion is that Plaintiffs did not include Hedberg in their expert disclosures. *Id.*

Plaintiffs argue that the Court should allow Hedberg to testify about the value of the insureds' destroyed vehicles *not* as an expert, but as a lay witness. This argument is unpersuasive. Lay testimony cannot be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). A party may not "evade the expert witness disclosure requirements… by simply calling an expert witness in the guise of a layperson." Fed. R. Civ. 701 (Advisory Committee Notes); *see Everest Stables, Inc. v. Canani*, No. CV099446DSFVBKX, 2011 WL 13213657, at *3–4 (C.D. Cal. Oct. 6, 2011) (citing cases excluding expert

witnesses masquerading as lay witnesses). In Plaintiffs' words, "Mr. Hedberg is an appraiser with Ianet Accurate Nationwide Appraisals who completed the appraisals for the vehicles lost in the fire and will testify to his investigation and appraisal reports produced in discovery." Dkt. No. 79 at 6. The appraisal of collectible automobiles is a specialized, not lay, endeavor. As such, the Court will not permit Hedberg to testify as a lay witness under Rule 701. And the Court rejects Plaintiffs' conclusory assertion that their failure to disclose Hedberg as an expert was harmless. The motion is therefore GRANTED.

**MOTION 21:** Norcold moves to preclude any argument "that spoliation of material evidence did not occur when the fire scene was destroyed." Dkt. No. 74 at 14–15. The Court has already ruled that it will instruct the jury: "(1) Encompass failed to preserve the fire scene, including the RV, and instead cleared all evidence from the scene despite knowing it had a duty to preserve the evidence; (2) Encompass failed to give Norcold notice of any fire scene inspections prior to demolition, and (3) had Norcold been able to inspect the scene, the resulting evidence would have been favorable to Norcold and unfavorable to Encompass." Dkt. No. 75 at 13–14. The Court has also ruled that Encompass "will remain free at trial to explain why it failed to provide Norcold an opportunity to inspect the scene prior to demolition." *Id.* No further ruling is needed on this issue right now. The motion is DENIED.

**MOTION 22:** Norcold moves to exclude "any and all statements, arguments, or evidence regarding the purported cost to replace any property insured by Plaintiffs that was destroyed in the fire." Dkt. No. 74 at 15. The Court will address

the relevance, or lack thereof, of the replacement cost of insured property when it finalizes jury instructions and, if needed, during trial. This motion is DENIED.

**MOTION 23:** Norcold moves to exclude "any and all references to, statements about, or evidence of, any documents or tangible things (and the contents thereof) that were not timely disclosed or produced by Plaintiffs in discovery." Dkt. No. 74 at 16–17. The Court will apply the Federal Rules. This motion is DENIED.

**MOTION 24:** Norcold moves to exclude "any and all references to, statements about, or evidence of any expert witnesses, or the opinions, testimony, or work product of any expert witness, who was not timely disclosed by Plaintiffs in this case." Dkt. No. 74 at 16. Plaintiffs counter that "Federal Rules regarding non-disclosed expert witnesses will also apply to Defendant as well. Specifically, to the late disclosed witness, Pieter Berkhout, disclosed by Defendant in its Pretrial Statement on January 24, 2025." Dkt. No. 76 at 16. The Court does not construe Plaintiffs' response as an independent motion to exclude the testimony of Berkhout. The Court will apply the Federal Rules. This motion is DENIED.

**MOTION 25:** Norcold moves to preclude "Plaintiffs from making statements or arguments that Norcold is an 'unsafe company,' a 'bad corporate actor,' does not care about the safety or welfare of end users or consumers of its refrigerators, or any similar types of comments and any evidence offered in support of such statements or arguments." Dkt. No. 74 at 16–17. The Court will apply the Federal Rules, including the rules that prohibit appeals to passion or prejudice. This motion is DENIED.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**MOTION 26:** Norcold moves to preclude "Plaintiffs from making statements or comments, directly or indirectly, that Plaintiffs 'have waited a long time for this day,' 'finally have their day in Court,' or any suggestions or statements similar in nature." Dkt. No. 74 at 17. Plaintiffs "agree to not make any argument to the jury that the trial date was scheduled as it is due to Norcold's actions or inactions" but object to the "blanket order" sought by Norcold as "overbroad." Dkt. No. 76 at 16–17. The Court will apply the Federal Rules. This motion is DENIED.

**MOTION 27:** Norcold moves to exclude "any and all statements or suggestions, directly or indirectly, that this lawsuit and jury trial is necessary because Norcold has not admitted responsibility, admitted liability, 'done the right thing,' or any other similar words to that effect, and/or any statements or suggestions, directly or indirectly, that Norcold's failure or refusal to admit responsibility or liability has wasted taxpayer dollars, wasted the jury's or the Court's time, or any similar words to that effect." Dkt. No. 74 at 17–18.

Plaintiffs stipulate "to not use the phrases 'done the right thing' or Norcold 'wasted taxpayer dollars, wasted the jury's or the Court's time'" but assert that "a blanket order that precludes Plaintiffs from arguing that Norcold has not admitted liability is too broad and limits Plaintiffs' ability to argue its case." Dkt. No. 76 at 17. Plaintiffs suggest that "should Defendant believe that Plaintiffs are making improper jury arguments, Defendant should object at the time the argument is made." *Id.*

The Court agrees with Plaintiffs. This motion is GRANTED IN PART only to the extent consistent with Plaintiffs' stipulation and otherwise DENIED IN PART. The Court will apply the Federal Rules.

**MOTION 28:** Norcold moves to exclude "any and all statements about or evidence of any subsequent remedial measures taken by Norcold that allegedly would have made Plaintiffs' claimed injuries or harm less likely to occur, as such statements, comments and/or evidence would be offered for the impermissible purposes of proving Norcold's negligence and culpable conduct, a defect in Norcold's refrigerator or its design, or a need for a warning or instruction." Dkt. No. 74 at 18. To the extent this motion merely reiterates Fed. R. Evid. 407, it is needless. The Court will apply the Federal Rules. This motion is DENIED.

**MOTION 29:** Norcold moves to exclude "any and all statements about, references to, or evidence of any personal habits, character traits, and/or any crimes, arrests, convictions, wrongs, or acts of any witness called by Norcold." Dkt. No. 74 at 18–19. This motion is DENIED.

**MOTION 30:** Norcold moves to exclude "all statements about, or any evidence of, any postings, blogs, pictures, videos, or other information from any social media websites or sources pertaining to any of Norcold's witnesses." Dkt. No. 74 at 19. This motion is DENIED.

**MOTION 31:** Norcold moves to exclude "all statements or comments about the law, made prior to the time the Court rules on the law applicable to this case and instructs the jury regarding same, other than Plaintiffs' burden of proof on their claims." Dkt. No. 74 at 19. This motion is DENIED.

1
2
3
4
5

     **MOTION 32:** Norcold moves to preclude "the use of any sidebar remarks, bolstering statements, opinions, or other argumentative comments in response to answers from witnesses or when Norcold's counsel is arguing a question to the Court or addressing the jury." Dkt. No. 74 at 20. The Court will address this issue at the Pretrial Conference.[1] This motion is DENIED.

6
7
8
9
10

     **MOTION 33:** Norcold requests "all non-party lay witnesses be excluded from the courtroom except for when they are testifying, consistent with Federal Rule of Evidence 615." Dkt. No. 74 at 20. The Court will address this issue at the Pretrial Conference and will properly apply the Rules of Evidence, including Rule 615. This motion is DENIED.

11
12

     Dated this 2nd day of June, 2025.

13
14

                                _____

                                  Jamal N. Whitehead
                                  United States District Judge

15
16
17
18
19
20
21
22
23

---

[1] The Court notes that it already held a Pretrial Conference on February 18, 2025, before the trial date was moved from February 24, 2025, to September 8, 2025. *See* Dkt. No. 86. The Court intends to hold another Pretrial Conference closer to the new trial date.